MICHAEL ELDON TUCKER AND
JOHN CARROLL SMITH *v.*
STATE OF MARYLAND

[No. 776, September Term, 1972.]

*Decided August 24, 1973.*

40

The cause was argued before GILBERT, MENCHINE and DAVIDSON, JJ.

*John J. Garrity,* with whom was *Edward P. Camus, District Public Defender,* on the brief, for appellants.

*Mary Elizabeth Kurz, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arrie W. Davis, Assistant Attorney General, Arthur A. Marshall, Jr.,*

*State's Attorney for Prince George's County,* and *Edmond B. O'Connell, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court.

Appellants Michael Eldon Tucker and John Carroll Smith were charged with possession of heroin (count one); possession of heroin in sufficient quantity reasonably to indicate an intent to distribute (count two); possession of marijuana (count three); and maintaining a common nuisance for the purpose of illegally storing and concealing heroin and marijuana (count four). In the Circuit Court for Prince George's County, Judge James H. Taylor found the appellants guilty of possession of heroin (count one), and maintaining a common nuisance (count four). Appellant Tucker was sentenced to consecutive terms of four and fifteen years respectively. Appellant Smith was sentenced to terms of three and five years, respectively. Three of the five years imposed for maintaining a common nuisance were to run concurrently with the three year sentence imposed for possession of heroin. The remaining two years of the five year sentence were suspended.

On appeal, appellant Smith challenges the sufficiency of the evidence to sustain his conviction for possession of heroin. Both appellants contend that their convictions for possession of heroin and maintaining a common nuisance are duplicitous, and both complain that the evidence was insufficient to sustain their convictions for maintaining a common nuisance.

Detective Elmer L. Snow, of the Prince George's County Police Department, Vice Control Division, Narcotics Section, was the State's first witness. He stated that in response to a tip from a confidential informant that room 14 of Mr. Wick's Motel was occupied by persons involved in the use of narcotics, he kept a continuous surveillance over that room between 27 April 1972 and 29 April 1972. The room had been rented by appellant Smith and the register showed that it was occupied by "Mr. and Miss John C. Smith." During his

period of surveillance, Detective Snow observed that the room was, in fact, occupied by appellant Tucker. A woman, subsequently identified as Miss Johnson, was also there at various times. Appellant Smith who subsequently admitted that he was a frequent visitor to the room, was observed going to and coming from the room about six times on 28 April 1972. On at least two occasions Mr. Smith was accompanied by others during his visits. Between six and eight unidentified persons also visited the room during this period.

At about 2 p.m. on 29 April 1972, Detective Snow observed appellant Tucker, who had a white powdery substance on his nose, place a brown grocery bag outside of his room. Detective Snow searched the bag. In addition to rubbish, it contained five pieces of aluminum foil coated on one side by a white powdery substance which a field test revealed to be an opium derivative. A portion of a hand-rolled cigarette containing a green, grassy substance and described by Detective Snow as a "roach," was also discovered but was not chemically analyzed.[1] After completing his examination of the brown paper bag, Detective Snow left to procure a search warrant for room 14.

At about 6:30 p.m. appellant Tucker and Miss Johnson were arrested. No drugs were found on their persons. Appellant and Miss Johnson were taken to the police station. According to the police, room 14 was locked without any search having been made, since no search warrant had yet been issued. At approximately 10 p.m. Mr. Smith arrived at the motel. He too was arrested. He and his car were searched but no drugs were found. At about 10:30 p.m. Detective Snow arrived at the motel with a warrant to search room 14. He, appellant Smith, and a number of other police officers entered the room where a thorough search was conducted. Eight hundred dollars in cash was found in the pocket of a jacket hanging in the closet. Twenty-seven aluminum packets, containing a white powdery substance, were found

---

1. Neither the five pieces of aluminum foil nor the cigarette were introduced into evidence at the trial.

inside a cereal box. A chemist's report showed that the foils contained 7.73 grams of powder, four percent of which were heroin. A bag of powder was found on top of the refrigerator in the kitchen. Subsequent chemical analysis showed that it contained 126.2 grams of powder, .01 percent of which was heroin. A one ounce foil package of powder was found in the room which, upon testing, contained no controlled dangerous substances. Two spoons and a strainer, found on top of the refrigerator, were determined upon subsequent examination to contain traces of heroin.[2]

Appellant Tucker testified that he had developed a heroin habit while he was away at college in Knoxville, Tennessee. He came back to the Prince George's County area in January 1972. Thereafter he stayed with various friends and ultimately decided to live in a motel where his girlfriend could visit him. He stated that he did not drive. Appellant Smith, who had been a friend for six or seven years, accommodated him by driving him and Miss Johnson to the motel on 24 April 1972, and registering for them. He further helped them out by bringing groceries to the room on frequent occasions. Appellant Tucker further testified that during the period in which he stayed in the motel, he "snorted" heroin which he had previously purchased in Washington, D.C. At that time, his habit required between eight and ten "decks" of heroin per day and by the time of his arrest, he had consumed about 50 "decks." He insisted that he was the only one who used drugs in room 14 during that period and that all of the heroin found in the room was for his own personal use. He denied that he ever sold drugs to any of the persons who visited the room or that any of them had ever used drugs while in the room. He maintained that he was personally acquainted with two of the six persons who visited the room and that the others were friends of appellant Smith.

Appellant Smith also testified at the trial. He confirmed that appellant Tucker could not drive and that on 24 April 1972, to accommodate his friend, he drove appellant Tucker

2. All of these items were admitted into evidence at the trial.

and Miss Johnson to the motel, registered them and thereafter often brought them groceries. On cross-examination, he admitted that he paid for the room on the first and second days of its occupancy, but insisted that the money had been provided by appellant Tucker. He stated that while he was a frequent visitor to the room and had stayed there overnight on one occasion, he had no key to it. He opined that the other visitors to the motel room were probably friends of his who hoped to find him at the motel. He readily admitted that he knew that appellant Tucker had a heroin habit, but insisted that he never observed appellant Tucker in the process of using drugs. He stated that during the entire period that appellant Tucker was at the motel, he never brought any heroin into the room, never saw any heroin being brought into the room, never used any heroin in the room himself, and never saw anybody else bring heroin into the room, use heroin in the room or take heroin from the room.

At the conclusion of the trial, appellants moved for a judgment of acquittal. The judge found that appellant Tucker was a heroin addict, and, given the amount of heroin found on the premises, that he was using the heroin for his own purposes. He granted the motion for acquittal as to counts two and three and denied it as to counts one and four.

Appellant Smith contends that the evidence was insufficient to establish that the heroin found in room 14 was in his possession or under his control. The record establishes that appellant Smith, who registered for the room and paid for its occupancy for two days, had a proprietary interest in the premises upon which the heroin was found;[3] that he was a frequent visitor to those premises; and that he knew that the appellant was a heroin addict. But the record further shows that no drugs of any kind were found on the person of appellant Smith or in his car at the time of his arrest; that he was not arrested in the

---

3. Appellant Smith testified that the money with which he paid for the room came from appellant Tucker. The trial court was not required to believe this portion of appellant Smith's testimony. Rettman v. State, 15 Md. App. 666, 673-74 (1972); Jones v. State, 13 Md. App. 309, 316 (1971).

room in which the heroin was located; that the heroin in that room was secreted and was not in plain view; that there was no direct evidence that appellant Smith was engaged in any violation of the narcotics laws; and, most importantly, that the trial court found that the heroin discovered on the premises was for the sole use of the appellant Tucker. The record clearly establishes that appellant Smith did not have physical possession of the heroin. In the light of the trial court's finding that the heroin was for the sole use of appellant Tucker, we cannot say that the evidence showed directly or supported a rational inference that appellant Smith had constructive possession of or control over the heroin. *Haley, Peterson & Roberts v. State*, 7 Md. App. 18, 33-34, 253 A. 2d 424, 433 (1969); *Scott v. State*, 7 Md. App. 505, 530, 256 A. 2d 384, 398 (1969), *cert. denied*, 256 Md. 747 (1970). We find that the evidence was not sufficient to sustain appellant Smith's conviction for possession of heroin. *Williams and McClelland v. State*, 5 Md. App. 450, 458, 247 A. 2d 731, 737 (1968), *cert. denied*, 252 Md. 731, 734 (1969). The motion for judgment of acquittal was improperly denied. Accordingly, we vacate the judgment and remand the case for a new trial under the provisions of *Gray v. State*, 254 Md. 385, 255 A. 2d 5 (1969), *cert. denied*, 397 U. S. 944, 90 S. Ct. 961 (1970).

Both appellants contend that the evidence was insufficient to sustain their convictions for maintaining a common nuisance. The record shows that appellant Smith knew that appellant Tucker was a heroin addict who would have to satisfy his habit daily. This fact supports a rational inference that he also knew that appellant Tucker would have to keep at least a daily supply of heroin in any room which he occupied, so that any prolonged occupancy of a room by appellant Tucker would result in offenses of a continuing and recurring character. Notwithstanding this knowledge, appellant Smith procured and paid for a room for appellant Tucker's use. The record further shows that appellant Tucker used the room for five days and that during this period he did in fact store and conceal a supply of heroin in the room which he used for his own purposes. In

our view, the evidence clearly establishes that the room was procured and kept by appellant Smith for the purpose of permitting another, appellant Tucker, to indulge in offenses of a recurring character. Accordingly, it was more than sufficient to sustain appellant Smith's conviction for maintaining a common nuisance for the purpose of storing or concealing heroin. *Ward v. State*, 9 Md. App. 583, 267 A. 2d 255 (1970); *see Skinner v. State*, 16 Md. App. 116, 124-29, 293 A. 2d 828, 833-36 (1972).

The question of whether appellant Tucker is guilty of maintaining a common nuisance is somewhat more difficult. The record shows that whether or not appellant Tucker had a proprietary interest in the room, it was he who physically occupied it at all times. It is clear that if the activities carried on there by him were such as to constitute the room a common nuisance, his conviction would be proper. *Curley v. State*, 215 Md. 382, 389-91, 137 A. 2d 640, 643-44 (1958). There was evidence to show that appellant Tucker kept heroin on the premises throughout the period of his stay at the room which was utilized daily by him solely for his own purposes. There was further evidence to show that a number of unidentified persons visited the room during this period. There was uncontradicted evidence to show that no person other than appellant Tucker stored, concealed or used narcotics on the premises at any time. We believe that under these circumstances, appellant Tucker's conduct was not such as to sustain a conviction for maintaining a common nuisance.

The indictment charging appellant Tucker with maintaining a common nuisance specifically indicated that such nuisance was maintained for the "purpose of illegally storing and concealing heroin." Code (1957), Art. 27, § 286 (a)(5) makes it unlawful, except as authorized, for any person:

> "To keep or maintain any common nuisance which shall mean . . . any place whatever . . . which is used . . . for the storage or conceal-ment of controlled dangerous substances or con-trolled paraphernalia . . . ."

In explicating the meaning of the precursor of this statute, this Court said, in pertinent part, in *Rosenberg v. State*, 12 Md. App. 20, 23, 276 A. 2d 708, 710 (1971):

"So a place is a common nuisance when it is:

\* \* \*

(2) used for the illegal
  (a) keeping, or
  (b) selling of narcotic drugs."

Neither the language nor the Court's interpretation of the statute offers any indication as to who must use the premises for the unlawful keeping of narcotic drugs.

In *Skinner v. State, supra*, 16 Md. App. at 129, 293 A. 2d at 836, this Court, in interpreting the statute presently before us, said:

"We are persuaded that our Legislature, except insofar as it explicitly limited or expanded the definition, intended the phrase 'common nuisance' to have its common law meaning."

At common law, a common nuisance was defined as something "hurtful to the public" — "an outrage against common decency and common morality [which] could have no other effect than the corruption of the morals, honesty, and good habits of the people." *Beard v. State*, 71 Md. 275, 282, 17 A. 1044, 1046 (1889). The Court of Appeals in *Beard* further described the crime of maintaining a disorderly house as consisting of:

". . . keeping of the house as a place of habitual or common resort of people of evil name and fame, and of dishonest conversation, there to consort together, thus affording opportunities for and temptations to the indulgence of their bad habits and passions, to the evil example and scandal of the neighborhood."

A necessary element of the offense of maintaining a common nuisance was that it be kept "open to the public for licentious commerce." *Lutz v. State*, 167 Md. 12, 16, 172 A.

354, 356 (1934). We can find no evidence that in the enactment of Section 286 (a)(5), the legislature intended to alter the nature of a common nuisance as a place where acts occur which do or can involve people other than the person maintaining the premises in illegal activities. We therefore find that a drug addict who uses premises which he himself occupies as a residence, to store and conceal drugs for his own exclusive use, and does not use those premises to store or conceal drugs used or to be used by others, is not guilty of maintaining a common nuisance.

In the absence of any evidence showing that the premises occupied by appellant Tucker were utilized by others than himself for the purpose of storing or concealing drugs, for their own or others' use, or engaging in any other violation of the narcotics laws, the evidence was insufficient to sustain his conviction for maintaining a common nuisance. *Williams and McClelland v. State, supra.*

The motion for judgment of acquittal was improperly denied. Accordingly, we vacate the judgment and remand the case for a new trial under the provisions of *Gray v. State, supra.* The question of whether convictions for both possession of a controlled dangerous substance and maintaining a common nuisance for the purpose of storing and concealing such substance are duplicitous is not reached.

> *As to appellant Smith: judgment as to possession of heroin (count one) reversed and case remanded for further proceedings in accordance with this opinion.*
>
> *Judgment as to maintaining a common nuisance (count four) affirmed.*
>
> *As to appellant Tucker: judgment as to possession of heroin (count one) affirmed.*
>
> *Judgment as to maintaining a common nuisance (count four) reversed and case remanded for further action in accordance with this opinion.*