697 A.2d 462

Richard Jamison TAYLOR

v.

STATE of Maryland.

No. 101, Sept. Term, 1996.

Court of Appeals of Maryland.

July 29, 1997.

Mark Colvin, Assistant Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for Petitioner.

Celia Anderson Davis, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, on brief), Baltimore, for Respondent.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, RAKER and WILNER, JJ.

RAKER, Judge.

Petitioner, Richard Jamison Taylor, was convicted of possession of marijuana in violation of Maryland Code (1957, 1996 Repl.Vol.) Art. 27, § 287.[1] He argues that the evidence was insufficient to sustain his conviction. We agree and therefore shall reverse.

We shall set forth the evidence in some detail as our holding is based on the insufficiency of the evidence to sustain the conviction. Petitioner was charged with possession of marijuana. A co-defendant, Kristopher Klein, was charged with possession of marijuana and possession of paraphernalia. They were jointly tried in the Circuit Court for Worcester County in a bench trial. Klein was acquitted.[2]

The charges arose from the following incident. On the morning of June 10, 1995, Petitioner, along with four friends, rented a room at the Days Inn Motel in Ocean City, Maryland. On that morning, Ocean City Police Officer Bernal and anoth-

---

1. Hereinafter all statutory citations shall be to Maryland Code (1957, 1996 Repl.Vol.) Article 27.

2. Klein was charged ·with possession of a controlled dangerous substance (marijuana) and possession of paraphernalia (rolling papers). He was acquitted of both charges. The trial court explained that Klein was acquitted of possession of the paraphernalia because the State did not prove intent to use the paraphernalia. On the possession of marijuana charge, the prosecutor told the court: "[I]t's true he wasn't in the room, so I guess I would wave the white flag of surrender on the possession of CDS charge."

er officer went to the motel in response to a complaint about a possible controlled dangerous substance violation. The manager told the officers that the problem was in Room 306, the room occupied by Petitioner and four other people. The two officers and the manager went to the room, where they smelled marijuana coming from the room. While the officers were standing outside of the door, two of the occupants of Room 306 arrived, Kristopher Klein and a juvenile named Brandy.[3] At Officer Bernal's direction, Klein knocked on the door to the room and Chris Myers, one of the occupants, admitted them. Officer Bernal asked if marijuana was being smoked in the room and Myers said no. The officer then requested permission to search for "dope;" Myers told him that he could search, but he would not find anything. When they entered the room, Taylor was lying on the floor with his head turned away from the door. Officer Bernal testified that he could not tell whether Taylor was asleep or awake. In addition to Taylor and Myers, the officers also found Jessica, another juvenile female, in the room.[4] There were clouds of smoke in the room that smelled like marijuana.

Officer Bernal told Myers that he intended to search the room thoroughly, and again asked if there was any marijuana in the room. Myers walked over to a carrying bag, pulled out a baggie of marijuana, and told the officer that it was his marijuana. Officer Bernal asked Myers if that was all the marijuana in the room, and Myers told him yes. Myers was then arrested.

Officer Bernal then began to search the room. Contrary to his prior statement that there was no more marijuana in the room, Myers told Officer Bernal that there was also marijuana located in a multi-colored bag, and Officer Bernal found another baggie of marijuana in the multi-colored bag. Inside

---

3. Because Brandy was a juvenile at the time of the incident in question, her surname is not revealed in the record.

4. Jessica, who was also a juvenile at the time of the incident in question, will hereinafter be referred to by her first name only.

Klein's wallet, which was secreted in another bag that did not belong to Petitioner, the officers also found rolling papers.

Officer Bernal then asked everyone in the room if they were smoking marijuana. He testified that Petitioner and the other occupants told him that friends who were not staying in the room had come by earlier and had smoked marijuana in their presence.[5] Although Officer Bernal smelled a strong odor of marijuana in the room, he did not see anyone smoking marijuana, the ashtrays were clean, and no marijuana was visible.

Petitioner was charged with possession of marijuana in violation of § 287. The trial court found that Petitioner was in close proximity to the marijuana; that, because people were smoking marijuana in Petitioner's presence, Petitioner "knew" there was marijuana in the room; that, because he was on the premises asleep or pretending to be asleep, he had some possessory right in the premises; and that the circumstances were sufficient to draw a reasonable inference that Petitioner was participating with others in the mutual enjoyment of the contraband. Accordingly, the trial court found Petitioner guilty and sentenced him to fifteen days in the Worcester County jail, all suspended, with two years probation and a fine.

Petitioner appealed to the Court of Special Appeals, contending that the evidence was insufficient to sustain his conviction. The Court of Special Appeals affirmed in an unreported opinion. That court held that Petitioner not only knew of both

---

5. Petitioner testified to a slightly different version of events. He testified at trial that he, along with Klein, Meyers, and two female juveniles, went to the hotel during the morning of June 10, 1995 and that Brandy, one of the juveniles, registered for the hotel room. He went to sleep shortly after they arrived and was asleep when Officer Bernal entered the hotel room. Petitioner denied making a statement to Officer Bernal that he observed anyone smoking marijuana. He testified that because he was asleep, he was unaware that anyone had smoked marijuana in the room. Taylor further testified that he never consented to a search of the room and that he did not know that Myers was carrying marijuana in his bags. Petitioner's account of the events of June 10 does not affect our analysis as we view the evidence in the light most favorable to the State.

the presence and illicit nature of the marijuana, but that "the discovery of marijuana in Myers's bags allowed for the inference that appellant knew of and had shared that supply when he was sharing the room with . . . Myers." The court further concluded that "appellant's presence in a room where marijuana had recently been smoked leads to the inference that appellant had himself smoked marijuana." We granted Taylor's petition for writ of certiorari challenging the sufficiency of the evidence.

In reviewing the sufficiency of the evidence to sustain a criminal conviction, it is the duty of this Court to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *State v. Albrecht*, 336 Md. 475, 479, 649 A.2d 336, 337–38 (1994); *Dawson v. State*, 329 Md. 275, 281, 619 A.2d 111, 114 (1993). We do not measure the weight of the evidence; rather, our concern is only whether the verdict was supported by sufficient evidence, direct or circumstantial, which could fairly convince a trier of fact of the defendant's guilt of the offenses charged beyond a reasonable doubt. *Albrecht*, 336 Md. at 478–79, 649 A.2d at 337. The judgment of the circuit court will not be set aside unless clearly erroneous, with due regard given to the opportunity of the trial court to judge the credibility of the witnesses. Md. Rule 8–131(c); *Albrecht*, 336 Md. at 478, 649 A.2d at 337; *West v. State*, 312 Md. 197, 207, 539 A.2d 231, 235–36 (1988).

Petitioner was convicted of possession of marijuana in violation of § 287. Possession is defined in § 277 as "the exercise of actual or constructive dominion or control over a thing by one or more persons." "Control" of a controlled dangerous substance has been defined as the exercise of a "restraining or directing influence over" the thing allegedly possessed. *See Garrison v. State*, 272 Md. 123, 142, 321 A.2d 767, 777 (1974); BLACK'S LAW DICTIONARY 329 (6th ed. 1990)

("To exercise restraining or directing influence over"). Possession may be constructive or actual, exclusive or joint. *See State v. Leach,* 296 Md. 591, 595, 463 A.2d 872, 874 (1983). Whether the possession is actual or constructive, exclusive or joint, the "evidence must show directly or support a rational inference that the accused did in fact exercise some dominion or control over the prohibited ... drug in the sense contemplated by the statute, *i.e.,* that [the accused] exercised some restraining or directing influence over it." *Garrison,* 272 Md. at 142, 321 A.2d at 777.

The State's case against Petitioner for possession of a controlled dangerous substance rested on circumstantial evidence of joint and constructive possession. A conviction can rest on circumstantial evidence alone. A conviction resting on circumstantial evidence alone, however, cannot be sustained on proof amounting only to strong suspicion or mere probability. *See Wilson v. State,* 319 Md. 530, 535–36, 573 A.2d 831, 834 (1990). Circumstantial evidence may support a conviction if the circumstances, taken together, do not require the trier of fact to resort to speculation or conjecture, but

[c]ircumstantial evidence which merely arouses suspicion or leaves room for conjecture is obviously insufficient. It must do more than raise the possibility or even the probability of guilt. [I]t must ... afford the basis for an inference of guilt beyond a reasonable doubt.

1 UNDERHILL, CRIMINAL EVIDENCE § 17, at 29 (6th ed. 1973). If upon all of the evidence, the defendant's guilt is left to conjecture or surmise, and has no solid factual foundation, there can be no conviction. *Commonwealth v. White,* 422 Mass. 487, 663 N.E.2d 834, 840 (1996); *see also* WHARTON, WHARTON'S CRIMINAL EVIDENCE § 12, at 21–22 (14th ed. 1985). In this regard, this Court has held that when the evidence equally supports two versions of events, and a finding of guilt requires speculation as to which of the two versions is correct, a conviction cannot be sustained. *Hebron v. State,* 331 Md. 219, 234, 627 A.2d 1029, 1036 (1993); *West,* 312 Md. at 211, 539 A.2d at 237–38. This, of course, does not preclude a conviction

based on a credibility determination emanating from disputed evidence.

■   We agree with Taylor that, under the facts of this case, any finding that he was in possession of the marijuana could be based on no more than speculation or conjecture.   The State conceded at trial that no marijuana or paraphernalia was found on Petitioner or in his personal belongings, nor did the officers observe Petitioner or any of the other occupants of the hotel room smoking marijuana.   Viewing the evidence in the light most favorable to the State, Officer Bernal's testimony established only that Taylor was present in a room where marijuana had been smoked recently, that he was aware that it had been smoked, and that Taylor was in proximity to contraband that was concealed in a container belonging to another.

The record is clear that Petitioner was not in exclusive possession of the premises, and that the contraband was secreted in a hidden place not otherwise shown to be within Petitioner's control.   Accordingly, a rational inference cannot be drawn that he possessed the controlled dangerous substance.   *See Livingston v. State,* 317 Md. 408, 415, 564 A.2d 414, 418 (1989); *Leach,* 296 Md. at 596, 463 A.2d at 874; *Garrison,* 272 Md. at 142, 321 A.2d at 777; Annot., *Conviction of Possession of Illicit Drugs Found in Premises of Which Defendant Was in Nonexclusive Possession,* 56 A.L.R.3d 948, 957 (1974).   Possession requires more than being in the presence of other persons having possession; it requires the exercise of dominion or control over the thing allegedly possessed.   *See Livingston,* 317 Md. at 415–16, 564 A.2d at 418. Without more, Petitioner's presence in the room where marijuana had recently been smoked does not support a rational inference that Petitioner had possessed the marijuana.   Furthermore, the existence of smoke in a room occupied by five people does not alone justify the inference that Petitioner was engaged in the mutual use or enjoyment of the contraband. *Cf. Wilson,* 319 Md. at 537–38, 573 A.2d at 835 ("[I]t is elementary that mere presence is not, *of itself,* sufficient to

establish that that person was either a principal or an accessory to the crime.").

Knowledge is an essential ingredient of the crime of possession of marijuana. Writing for the Court, Judge Eldridge discussed the knowledge requirement of § 287 in *Dawkins v. State*, 313 Md. 638, 649, 547 A.2d 1041, 1046 (1988):

> [A]n individual ordinarily would not be deemed to exercise 'dominion or control' over an object about which he is unaware. Knowledge of the presence of an object is normally a prerequisite to exercising dominion and control.

The evidence in this case does not establish that Taylor had knowledge of the presence of the marijuana concealed in Myers's carrying bags.

■ As clearly indicated by *Dawkins*, without knowledge of the presence of marijuana in the room, it is not possible for Petitioner to have exercised dominion or control over the marijuana, another required ingredient of the crime of possession. The facts and circumstances, considered in the light most favorable to the State, do not justify any reasonable inference that Petitioner had the ability to exercise, or in fact did exercise dominion or control over the contraband found in the room. Although the evidence in this case might form the basis for a strong suspicion of Petitioner's guilt, suspicion is insufficient to support a conviction. "[M]ere proximity to the drug, mere presence on the property where it is located, or mere association, without more, with the person who does control the drug or property on which it is found, is insufficient to support a finding of possession." *Murray v. United States*, 403 F.2d 694, 696 (9th Cir.1969) (internal quotation marks and citations omitted). In other words, there must be additional proof of knowledge and control to sustain a conviction for possession.

Although control of marijuana may be established by evidence that a person smoked marijuana, the smoke in the hotel room does not provide the additional proof necessary to sustain Petitioner's conviction. As discussed above, the record in this case supports merely an inference that *someone*

smoked marijuana in the room, not that Petitioner, one of five occupants of the room, smoked marijuana.

In *Garrison*, 272 Md. 123, 321 A.2d 767, Judge O'Donnell, writing for the Court, extensively reviewed decisions of this Court and the Court of Special Appeals dealing with the sufficiency of evidence to support a conviction for possession. In *Garrison*,[6] police officers executed a search warrant at the home of Shirley Garrison and her husband Ernest Garrison based on probable cause that heroin was being sold from the Garrison home. Upon entering a rear bedroom, the officers saw Mr. Garrison flushing a plastic bag down the toilet. Mrs. Garrison was found in the front bedroom, where no contraband was discovered. *Garrison*, 272 Md. at 126-27, 321 A.2d at 769. The Court held that there was insufficient evidence to support Mrs. Garrison's conviction for possession with intent to distribute heroin because there was no evidence that she was engaged in selling narcotics, she had made no inculpatory remarks, there were no "fresh needle marks" on her body, and there was no "juxtaposition between her (in the front bedroom) and contraband being jettisoned by her husband in the bathroom." *Id.* at 130–31, 321 A.2d at 771.

Judge O'Donnell then surveyed numerous cases of the Court of Special Appeals, some of them factually similar to the instant case, in which convictions for possession of contraband were reversed for insufficient evidence. The recurrent theme of these cases is that convictions for possession cannot stand when the evidence does not establish, nor provides any reasonable inference to establish, that the accused exercised dominion or control over the contraband. *See Tucker v. State*, 19 Md.App. 39, 45, 308 A.2d 696, 699 (1973) (holding evidence

---

6. *Garrison v. State*, 272 Md. 123, 321 A.2d 767 (1974), has been overruled in part. In *Garrison*, the Court stated that "the State is not required to show that the accused's dominion or control over the narcotic drug was knowing and willful." *Id.* at 142, 321 A.2d at 777. This Court has since held that knowledge is an element of possession offenses. *Dawkins v. State*, 313 Md. 638, 648–49, 547 A.2d 1041, 1046 (1988). The portions of *Garrison* addressing sufficiency of the evidence, however, remain valid authority.

insufficient to establish defendant had physical or constructive possession of heroin when no drugs were found on his person and the only drugs discovered on the premises, which he shared with the co-defendant, were secreted out of plain view); *Barksdale v. State*, 15 Md.App. 469, 475, 291 A.2d 495, 498 (1972) (holding evidence insufficient to support conviction for possession when defendant merely present in an apartment in which a woman's purse and a cigarette case containing heroin were found); *Puckett v. State*, 13 Md.App. 584, 587–88, 284 A.2d 252, 254 (1971) (holding evidence of presence of marijuana plants on property Puckett jointly owned with his wife was not sufficient to create rational inference that Puckett was in possession of the marijuana); *Davis v. State*, 9 Md.App. 48, 55, 262 A.2d 578, 582–83 (1970) (holding conviction for possession that rests only on defendant's co-occupancy of apartment where marijuana was sold and on defendant's intimate relationship with a co-occupant who sold marijuana is not supported by sufficient evidence); *Wimberly v. State*, 7 Md.App. 302, 308, 254 A.2d 711, 714 (1969) (holding evidence insufficient for conviction of possession of marijuana, amphetamines and barbiturates when those drugs were not found on the person of or in the same room as the defendant, but were only found on other people on the premises); *Haley v. State*, 7 Md.App. 18, 33, 253 A.2d 424, 433 (1969) (holding evidence insufficient to support conviction for possession when none of the defendants had any proprietary interest nor previous association with the premises and there was no evidence of how long the defendants had been on the premises prior to the arrival of the police).

We have had the opportunity to address the sufficiency of evidence in drug possession cases since *Garrison*. In *Leach*, 296 Md. 591, 463 A.2d 872, PCP was found in a closed container in the bedroom of a residence. There was only one bed on the premises and the trial court found that the defendant's brother lived at the residence. *Id.* at 595, 463 A.2d at 874. Although the defendant gave the address at which the PCP was found as his own when he was booked by the police, the Department of Motor Vehicles records showed

that he lived at that address, and he had ready access to the premises, "the fact finding that [the defendant's brother] was the occupant of the premises preclude[d] inferring that [the defendant] had joint dominion or control . . . over everything contained anywhere in it." *Id.* at 596, 463 A.2d at 874. Thus, even though he had ready access to the apartment, it could not be reasonably inferred that he exercised restraining or directing influence over PCP in a closed container in the bedroom. *Id.*, 463 A.2d at 874.

In *Livingston,* 317 Md. 408, 564 A.2d 414, this Court reversed the conviction of a passenger in the backseat of a car when two marijuana seeds were recovered from the floor in the front of the car. *Id.* at 416, 564 A.2d at 418. The Court held:

> Merely sitting in the backseat of the vehicle, [the defendant] did not demonstrate to the officer that he possessed any knowledge of, and hence, any restraining or directing influence over two marijuana seeds located on the floor in the front of the car.

*Id.* at 415–16, 564 A.2d at 418.

In sum, the evidence presented in this case was insufficient to establish that Taylor was in possession of the marijuana seized from Myers's carrying bags. Taylor's presence in a room in which marijuana had been smoked, and his awareness that marijuana had been smoked, cannot permit a rational trier of fact to infer that Taylor exercised a restraining or directing influence over marijuana that was concealed in personal carrying bags of another occupant of the room. Because Petitioner was in joint rather than exclusive possession of the hotel room, his mere proximity to the contraband found concealed in a travel bag and his presence in a room containing marijuana smoke were insufficient to convict him. As this Court stated in *Johnson v. State,* 227 Md. 159, 165, 175 A.2d 580, 583 (1961), "[t]he conjectures of the trial judge might be entirely correct. . . . Nevertheless, a conviction without proof cannot be sustained."

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR WORCESTER COUNTY. COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY WORCESTER COUNTY.*