Dissenting Opinion by
GREENE, J.
which ADKINS and McDonald, jj., join.
I would affirm the judgment of the Court of Special Appeals and hold, as that court held, that the evidence offered to support the convictions of Gutierrez and Perez-Lazaro was legally insufficient. The intermediate appellate court concluded that the State failed either to establish ownership of the apartment occupied by Gutierrez and Perez-Lazaro at the time of the search or to place Gutierrez and Perez-Lazaro in “close proximity” to the contraband seized by the police.
According to Detective Dyson, of the Prince George’s County Police Department, he and eight other police officers, pursuant to a search warrant, on August 9, 2012, entered an apartment located at 8018 14th Street in Hyattsville and *245 observed two or three people inside, including Gutierrez and Perez-Lazaro. During the search for illegal drugs, Detective Dyson looked inside a cabinet under the bathroom sink and found six bags of powder cocaine. He explained on cross-examination that, “he did not see any drugs or paraphernalia in plain sight when he entered the apartment.”
Detective Jeffrey Konya was also involved in the search. He confirmed that a grinder was found in the kitchen and cocaine in the hallway closet. He testified that in the hallway closet he found two passports that belonged to Gutierrez and a money wire receipt. He found, on the top shelf of the closet, cocaine wrapped in foil and under the bathroom sink, in a cabinet, he found more cocaine. This information was confirmed by Detective Dyson.
Detective Jason Swope, also involved in the search of the premises, essentially summarized the findings of the investigation. He testified that he entered the apartment after the SWAT team had secured the premises. He found both Gutierrez and Perez-Lazaro seated in the living room area. He confirmed that “he heard Gutierrez say that he slept in one of the beds in the living room, and Perez-Lazaro stayed in the back bedroom.” According to Detective Swope, they found suspected “drug paraphernalia” and plastic zip-lock baggies in the living room area. He gave a summary of the items seized from the apartment: (a) plastic baggies of powder cocaine and a black handgun under the kitchen sink, (b) suspected paraphernalia on the kitchen window sill, (c) Gutierrez’s “records” located on a shelf in the hallway closet, and separately, on the top shelf, were baggies of cocaine wrapped in foil, (d) a pay stub belonging to Perez-Lazaro in the back bedroom, and (e) two unidentified cell phones in the living room.
Finally, Officer Natalia Gaston, an expert in the field of distribution and packaging of controlled dangerous substances, testified that, in her opinion, considering the nature of the packaging and the presence of the weapon, the cocaine was possessed with the intent to distribute.
*246 At trial, the State’s theory of the case was that a rational jury could infer from the evidence that the two roommates had joint and constructive possession of the cocaine found in the common areas of the one-bedroom, one-bathroom apartment. Gutierrez and Perez-Lazaro, however, disagree and contend that the evidence presented at their trial was insufficient to support a conviction for possession of either the contraband or gun found inside the apartment. They maintain that the gun and drugs offered into evidence were not in plain view, nor were they right in front of them or in close proximity to them. Moreover, they contend that the only items actually in plain view that were offered into evidence were “plastic baggies [found] on a cluttered table in the living room” and “a grinder in the kitchen,” which are household items that could be found in many houses unconnected to the illicit drug trade. The State, however, referred to the items as “paraphernalia.” No evidence was presented to establish Gutierrez’s or Perez-Lazaro’s ownership or possessory interest in the apartment where the cocaine was found.
In the present case, any finding that the respondents were in possession of drugs and a handgun was based on no more than speculation and conjecture. The evidence showed that the respondents were in the apartment at the time it was searched and that drugs were recovered from areas of the apartment that were not in plain view. No drugs were found in the back bedroom where Perez-Lazaro said he had slept. Likewise, no drugs were found in the living room where Gutierrez had slept. The State failed to produce any evidence to show “how long the respondents had been at the apartment prior to the search or what their connection was to the apartment.” The grinder and baggies that were found in plain view are not contraband or otherwise illegal to possess. Clearly, in my view, the existence and location of those items were insufficient to support a reasonable inference that Gutierrez or Perez-Lazaro exercised dominion and control over drugs and the handgun that were found secreted in the apartment.
*247 From the evidence presented it is unknown how long Gutierrez and Perez-Lazaro occupied the premises, who or what gave them access to the apartment or what was the extent of their access to the premises. Had they occupied the apartment for a year, 30 days, one-night or one-hour before the search? Were they given full access or restricted access? Were they temporary visitors, overnight guests, or actually living at the address? When were the drugs placed at the premises? Who put them there? The current state of the law in Maryland does not require the prosecution to answer these questions definitively in its case-in-chief, but, without answers to these questions based on the evidence or reasonable inferences to be drawn from the evidence, the jury was left, in the present case, to speculate about ownership, the respondents’ possessory interest in the apartment, their connection to the apartment and the drugs found secreted therein.
Proof that one of the men had slept in one of the beds in the living room and one man had slept in the bed located in the back bedroom did not prove that either Gutierrez or Perez-Lazaro possessed the cocaine “found underneath a bathroom sink and in a closed closet.” The small bag of cocaine wrapped in foil that was located on the top shelf of the hallway closet was not removed from either Gutierrez’s or Perez-Lazaro’s exclusive or joint possession. Similarly, the drugs found in the cabinet underneath the bathroom sink were not within the exclusive or joint possession of Gutierrez or Perez-Lazaro. If the drugs had been found in the living room or the back bedroom where the respondents had slept, respectively, perhaps a reasonable inference could have been drawn that each man was the sole occupant of his bedroom or sleeping area, and had constructive knowledge and control of drugs found in that room or specific area. See Kamara v. State, 205 Md.App. 607, 634, 45 A.3d 948, 963-64 (2012).
Knowledge is an essential element of the crime of possession of a controlled dangerous substance. See Moye v. State, 369 Md. 2, 14, 796 A.2d 821, 828 (2002). The Court of Special Appeals, in Folk v. State, 11 Md.App. 508, 275 A.2d 184 (1971), pointed to the factors to be considered in determining whether *248 an individual knowingly exercised dominion and control over contraband. After explaining that possession means to exercise actual or constructive control over a thing by one or more persons, the court outlined four factors to be considered in determining the knowledge required for possession:
1) proximity between the defendant and the contraband,
2) the fact that the contraband was within the view or otherwise within the knowledge of the defendant,
3) ownership or some possessory right in the premises or the automobile in which the contraband is found, or
4) the presence of circumstances from which a reasonable inference could be drawn that the defendant was participating with others in the mutual use and enjoyment of the contraband.
Folk, 11 Md.App. at 516-17, 275 A.2d 184. See also Smith v. State, 415 Md. 174, 198, 999 A.2d 986, 999-1000 (2010).
Absent sufficient evidence to establish the four factors, this case should not have been submitted to the jury. We have said:
[A]n individual ordinarily would not be deemed to exercise “dominion or control” over an object about which he is unaware. Knowledge of the presence of an object is normally a prerequisite to exercising dominion and control.
Dawkins v. State, 313 Md. 638, 649, 547 A.2d 1041, 1046 (1988). The “[m]ere proximity to the drug, mere presence on the property where it is located, or mere association, without more, with the person who does control the drug or property on which it is found, is insufficient” to establish a reasonable inference that the respondents had knowledge of the contraband. Taylor v. State, 346 Md. 452, 460, 697 A.2d 462, 466 (1997) (citing Murray v. United States, 403 F.2d 694, 696 (9th Cir.1968)). See also Smith, 415 Md. at 202-203, 999 A.2d at 1002-03 (Greene, J., dissenting).
In Taylor, when the police officers entered a motel room and other individuals were present, Mr. Taylor was lying on the floor, either asleep or pretending to be asleep. We pointed out that Mr. Taylor was not in exclusive possession of *249 the premises, and that the contraband was secreted in a hidden place not otherwise shown to be within his control. As a result, we concluded that a rational inference could not be drawn that Taylor possessed the marijuana that had been smoked recently on the premises or that he was in close proximity to contraband that was concealed in a container belonging to another occupant. Not unlike the situation in Taylor, Gutierrez and Perez-Lazaro’s mere proximity to the drugs and handgun that were secreted in the apartment, without more, is insufficient to support a finding that the occupants were in possession of the contraband.
Lastly, even though papers, belonging to the respondents were found inside the apartment, no reasonable jury could have inferred, without more, that the respondents had either sole or joint constructive possession of cocaine and the handgun discovered in the apartment under the circumstances. Mere presence in or on the property is not enough.
Accordingly, I respectfully dissent.
Judges ADKINS and McDONALD have authorized me to state that they join in this dissenting opinion.