## WILSON *v.* STATE

[No. 176, September Term, 1964.]

*Decided February 4, 1965.*

The cause was argued before HAMMOND, HORNEY, MARBURY, SYBERT and OPPENHEIMER, JJ.

*Howard M. Heneson,* with whom was *Roland Walker* on the brief, for appellant.

*Robert J. Martineau, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell* and *Charles E. Moylan, Jr., State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City* on the brief, for appellee.

PER CURIAM.

The sole question raised on this appeal is whether the defendant was sufficiently identified to prove that he had participated in the burglary of which he was convicted. The contention is that the testimony of the eyewitnesses (two teen-age girls) was so uncertain and contradictory as to be unworthy of belief.

Both eyewitnesses had seen two men—one was white and the other colored—enter the burglarized premises, but they differed as to which one entered first. A neighbor had seen a colored man and two white men drive up in a red and white truck. The police, who had been alerted, subsequently stopped a vehicle (answering the description of the one they were looking for) occupied by a white man and a colored man and arrested both of them. One of them was the defendant.

One of the teen-age witnesses, although she could not recognize the defendant at a police lineup, positively identified him at the trial, when for the first time she had a "good look at his face." The other teen-age witness, after identifying the defendant at an earlier lineup, was undecided at a second lineup between the defendant and another man who was wearing a hat similar to the one worn by one of the burglars. At the trial, however, the witness positively identified the defendant and expressed certainty that the man in the second lineup (wearing the hat that caught her attention) was not involved in the burglary.

At the close of the trial a statement of the codefendant was accepted as evidence. Therein he admitted stealing a red and white vehicle and committing the burglary, but stated that he

abandoned the vehicle and was subsequently picked up by the defendant while hitchhiking shortly before they were apprehended.

Even if there was some inconsistency in the testimony of the eyewitnesses as to which of the two burglars first entered the house, it was more apparent than real. The credibility of the witnesses was for the trier of facts to determine. *Wiggins v. State,* 235 Md. 97. And we cannot say that the trial judge was clearly wrong in choosing to believe the testimony of the eyewitnesses and to disbelieve the statement of the admitted burglar which sought to exonerate the defendant. *Spencer v. State,* 235 Md. 129.

*Judgment affirmed.*