## WILKINS v. STATE

[No. 350, September Term, 1964.]

*Decided June 25, 1965.*

The cause was argued before HAMMOND, HORNEY, MARBURY, SYBERT and BARNES, JJ.

*David L. Bowers* for appellant.

*Franklin Goldstein, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr.* and *Lucy Ann Garvey, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

PER CURIAM.

This appeal presents a question as to whether the identification of the appellant by a service station attendant as one of the colored boys who, holding handkerchiefs to their faces, had robbed him at gunpoint, was so uncertain that it could not be relied on to support the conviction.

The attendant, who had known both boys for several years, apparently had not recognized them when he notified the police, and the warrants for their arrest were not sworn out until several days later. At the preliminary hearing, the attendant, although unsure that the other boy was involved, was sure that the appellant had participated in the robbery, and, at the trial, positively identified him as one of the robbers. On the other hand, the appellant, although admitting that he had run through the service station premises to avoid a group of white boys who were chasing him at or about the time of the holdup and that he had stayed away from home for three days after being told that the police were looking for him, categorically denied that he was implicated in the crime, and told the police that he was "going to stick to" his story.

The credibility of the witnesses and the weight of the evidence was for the trier of fact to determine, and we cannot say that the trial judge was clearly wrong in choosing to believe the victim. *Wilson v. State,* 237 Md. 634. Even if the victim was somewhat hesitant at first as to the identity of the appellant, his testimony on the whole was not so uncertain as to require a reversal. Cf. *Tucker v. State,* 237 Md. 422, with *Kucharczyk v. State,* 235 Md. 334. There is no merit to the contention of the appellant.

*Judgment affirmed.*