486 A.2d 196

**Rodney Lorenzo SMITH**

v.

**STATE of Maryland.**

**No. 82, Sept. Term, 1983.**

Court of Appeals of Maryland.

Jan. 10, 1985.

Julia A. Doyle, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on brief), for appellee.

Argued before MURPHY, C.J., ELDRIDGE, COLE, DAVIDSON,* RODOWSKY and COUCH, JJ., and

* Davidson, J., participated in the hearing of the case and in the conference in regard to its decision, but died prior to the adoption of the opinion by the Court.

CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (retired) specially assigned.

ELDRIDGE, Judge.

The issue in this case is whether the trial court erred in denying the petitioner's request to have the jury instructed on alibi after the petitioner testified at trial that he "was in Texas at the time the crimes were committed" in Maryland. We hold that the trial court's refusal to instruct the jury on alibi constituted error, and we therefore reverse.

The petitioner, Rodney Lorenzo Smith, was charged in an eight count indictment with armed robbery and related offenses arising out of the August 30, 1981, robbery of a desk clerk at a Holiday Inn. On May 15, 1982, Smith was tried before a jury in the Circuit Court for Anne Arundel County. At the trial, the desk clerk positively identified Smith as one of the robbers. On the other hand, Smith specifically testified that he was not at the Holiday Inn on August 30, 1981, that he was not "even in the State at that time," and that he was in Texas when the robbery occurred. Smith's aunt, Agnes Pearman, testified that Smith had been in Texas for over six months in 1981, and that she had seen him in Maryland after his return on September 4, 1981. She was not, however, able to testify as to Smith's whereabouts on August 30, 1981. Smith's attorney submitted to the court, in writing, a proposed jury instruction on alibi. The requested instruction stated, in part, as follows:

"The defendant has offered testimony to establish an alibi. An alibi is a defense which is based on evidence that the accused was not present at the time when, or at the place when he is alleged to have committed the offense charged.

"The claim of alibi is legitimate, legal and proper. When such a claim is thoroughly established, it precludes the possibility of guilt.

"The presence of the defendant at the time and place of the criminal act is not to be presumed or assumed. In every case where the presence of the defendant at the

commission of the crime is essential to his conviction, the state must establish his presence beyond a reasonable doubt.

"You are not to weigh merely the evidence relating to the alibi and determine from that alone whether you have a reasonable doubt of guilt. You should consider such evidence along with all of the other evidence. In this connection you should consider whether the alibi testimony covered the entire period of time during which the crime may have been committed."

The trial judge refused to give any jury instruction on alibi, stating that "there's no alibi evidence.... No character reference. No accomplices' testimony."

Smith was convicted of armed robbery and the use of a handgun in the commission of a crime of violence. The court imposed a fifteen year sentence for the robbery offense, a concurrent five year sentence for the handgun offense, and ordered restitution. The Court of Special Appeals affirmed in an unreported opinion. The intermediate appellate court took the position that, in order for a defendant to be entitled to an alibi instruction, his alibi testimony must be corroborated. The Court of Special Appeals went on to state that Smith's testimony was not

"sufficiently corroborated. Mrs. Pearman was not only unable to relate when the appellant had been in Texas, but testified that she was unsure as to when he returned to Maryland. Needless to say, such testimony would not reasonably exclude the possibility of the appellant's presence at the time and place of the alleged offense. We hold, therefore, that the evidence by the appellant was insufficient to require the trial court to give an instruction as to the issue of alibi."

The defendant Smith filed a petition for a writ of certiorari presenting two questions, the first relating to the alibi issue and the second challenging the order for restitution. In light of the Court of Special Appeals' holding that a defendant's alibi testimony must be corroborated for him to

be entitled to an alibi instruction, we granted the petition limited to the first question, which was set forth in our certiorari order as follows:

"Did the Court of Special Appeals err in holding that the Petitioner's testimony that he was in another state when the armed robbery was committed was not sufficient to generate the alibi issue in the absence of full corroboration by other evidence and that the trial court was not required to give the requested instruction on the alibi issue?"

The State, in its brief and oral argument before this Court, disagreed with the reasoning of the Court of Special Appeals and took the position that a defendant's alibi testimony need not be corroborated in order for a defendant to be entitled to an alibi instruction. Nevertheless, the State argued that an accused, to be entitled to an alibi instruction, must present evidence clearly generating the issue. In the present case, according to the State, Smith's testimony as a whole was so inconsistent that it was "totally without value." Consequently, according to the State, the defendant was not entitled to an alibi instruction in this case.

We shall first deal with the corroboration issue, and then we shall address the State's argument.

(1)

We note at the outset that "it is incumbent upon the court, ... when requested in a criminal case, to give an ... instruction on every essential question or point of law supported by evidence." *Bruce v. State*, 218 Md. 87, 97, 145 A.2d 428, 433 (1958). *See, e.g., Blackwell v. State*, 278 Md. 466, 477, 365 A.2d 545, *cert. denied*, 431 U.S. 918, 97 S.Ct. 2183, 53 L.Ed.2d 229 (1976); *Dillon v. State*, 277 Md. 571, 584–585, 357 A.2d 360 (1976); *England & Edwards v. State*, 274 Md. 264, 275–276, 334 A.2d 98 (1975); *Hardison v. State*, 226 Md. 53, 60–61, 172 A.2d 407 (1961). This principle was embodied in former Maryland Rule 757(b) which stated that "[t]he court may, and at the request of any party shall, give those ... instructions to the jury as

correctly state the applicable law."[1]   This Court has held that the word "shall," as employed in Rule 757(b), renders the rule mandatory. *See, e.g., Lansdowne v. State*, 287 Md. 232, 238–239, 412 A.2d 88 (1980), and cases there cited.

The Court of Special Appeals, as well as a majority of cases throughout the country, have held that when the evidence in a criminal case generates the issue of alibi, and when the defendant requests an instruction specifically addressed to the matter of alibi, the defendant is entitled to a specific alibi instruction, and that the trial court's general instructions concerning the prosecution's burden of proof, etc., are not deemed to "fairly cover" the matter of alibi. *Pulley v. State*, 38 Md.App. 682, 688–691, 382 A.2d 621 (1978), and cases there cited. *Cf. State v. Grady*, 276 Md. 178, 345 A.2d 436 (1975) (holding that a jury instruction which placed an impermissible burden of proof upon the defendant to establish his alibi constituted reversible error). We agree with the holding of the Court of Special Appeals in the *Pulley* case.

Of the cases which ordinarily require the trial court to instruct the jury concerning alibi when the alibi issue is presented by the evidence and the instruction is requested by the defendant, the overwhelming majority hold that the defendant's uncorroborated testimony, that he was at some other place at the time of the crime, is sufficient to generate the issue. *See, e.g., Hudson v. State*, 381 So.2d 344 (Fla. App.1980); *Pippins v. State*, 224 Ga. 462, 162 S.E.2d 338, 340 (1968); *People v. Jones*, 47 Ill.2d 135, 265 N.E.2d 125 (1970); *People v. McGinnis*, 402 Mich. 343, 262 N.W.2d 669 (1977); *State v. Slay*, 406 S.W.2d 575, 579 (Mo.1966); *Com-*

---

1.  Effective July 1, 1984, former Rule 757(b) was replaced by new Rule 4–325(c), which states as follows:
    "The court may, and at the request of any party shall, instruct the jury as to the applicable law and the extent to which the instructions are binding.  The court may give its instructions orally or, with the consent of the parties, in writing instead of orally.  The court need not grant a requested instruction if the matter is fairly covered by instructions actually given."

*monwealth v. Pounds,* 490 Pa. 621, 417 A.2d 597 (1980); *State v. Robbins,* 275 S.C. 373, 271 S.E.2d 319 (1980).[2] In *Hudson, supra,* 381 So.2d at 346, in holding that an accused's uncorroborated testimony, standing by itself, is sufficient to require an alibi instruction, the court stated:

> "A defendant's testimony may not be totally disregarded merely because he is the defendant. His testimony must be weighed just as that of any other witness."

In *People v. McGinnis, supra,* the Supreme Court of Michigan held that a defendant's uncorroborated testimony placing him "elsewhere than at the scene of the crime" is sufficient to require a defendant-requested jury instruction on alibi, stating that a defendant's alibi testimony "is alibi testimony the same as if another witness had given the testimony." 262 N.W.2d at 671. The Michigan court noted that

> "a defendant may offer uncorroborated testimony and thereupon become entitled to an instruction on such defenses as self-defense, accident, mistake, duress, intoxication, consent, non-culpable intent, provocation mitigating murder to manslaughter, or law enforcement or other public duty. But undeniably such defenses can be maintained solely on the defendant's testimony, and upon proffering such uncorroborated testimony the defendant would be entitled to an appropriate instruction." *Ibid.*

We can discern no principled reason for treating the alibi issue differently than all other issues in criminal cases by requiring corroboration of an accused's alibi testimony in order that the jury be instructed on alibi.[3]

---

**2.** The only case, of which we are aware, which seems to be contrary is *Beasley v. State,* 539 S.W.2d 820 (Tenn.Cr.App.1976).

**3.** For criminal cases holding that generally the testimony of a single witness is sufficient to generate an issue, *see, e.g., Mobley and King v. State,* 270 Md. 76, 89, 310 A.2d 803 (1973), *cert. denied,* 416 U.S. 975, 94 S.Ct. 2003, 40 L.Ed.2d 564 (1974); *Caviness v. State,* 244 Md. 575, 579, 224 A.2d 417 (1966); *Hammond v. State,* 241 Md. 733, 736, 217 A.2d 569 (1966); *Wesbecker v. State,* 240 Md. 41, 46, 212 A.2d 737 (1965).

(2)

As previously discussed, the State conceded in this Court that corroboration of an accused's testimony should not be a prerequisite for an alibi instruction. The State argued, however, that the trial judge's failure to instruct the jury on alibi was excusable because the appellant's testimony "was so inconsistent as to be totally without evidentiary value." The State's reliance was upon *Kucharczyk v. State*, 235 Md. 334, 201 A.2d 683 (1964).

In *Kucharczyk*, the defendant was convicted of assault and battery, based on the alleged attempted buggery of a sixteen year old boy. The prosecuting witness's testimony furnished the only evidence against the defendant. This witness was mentally deficient and, according to a psychologist called by the State, had a full scale I.Q. of only 56. The witness, twice on direct examination and once on cross-examination, "testified that nothing happened. Thus, there were unqualified statements by the prosecuting witness that the crime for which the appellant was convicted never in fact occurred." 235 Md. at 337–338, 201 A.2d 683. On this ground, the Court reversed the conviction, stating that

"the testimony of the prosecuting witness, who was the only person that testified as to any overt act on the part of the appellant, was so contradictory that it lacked probative force and was thus insufficient to support a finding beyond a reasonable doubt of the facts required to be proven." *Id.* at 337, 201 A.2d 683.

The State in the case at bar asserts that Smith's testimony falls within the doctrine set forth in *Kucharczyk*. This reliance is misplaced.

The doctrine set forth in *Kucharczyk* is extremely limited in scope. *See Bailey v. State*, 16 Md.App. 83, 93–97, 294 A.2d 123 (1972), and the cases there cited. *See also Wilkins v. State*, 239 Md. 692, 693, 211 A.2d 308 (1964). The State points to inconsistencies and confusion in Smith's testimony, particularly the following exchange:

"Q   Do you remember what month that was in 1981 that you were in fact in the Holiday Inn?

"A   Do I know what date it was?

"Q   What—yes, what month it was.

"A   I don't know.  Could have been around in, uh, no I don't know.  I couldn't say 'cause when I came back from Texas I was a little, you know, fuzzy in the head 'cause I was out there and they locked me up.  I got locked up for some charges that I was supposed to had and this and that and that and the other which I couldn't have committed because I was out there and not here.

"Q   You were here and not there.

"A   Or vice versa.

"Q   Right.  Okay.  You're saying that you were accused of committing crimes in Texas which you couldn't have committed because you were in Maryland at that time.

"A   I was in Texas at the time the crimes were committed here."

The type of confusion and inconsistency contained in this and other testimony given by Smith at trial neither rises to, nor even approaches, the level of unreliability which would place it within the narrow ambit of the principle set forth by the Court in *Kucharczyk.*  We agree with the rule stated in *Hudson v. State, supra,* 381 So.2d at 346, that

"It is not the function of the trial judge to weigh the evidence and select some cases in which to give the alibi instruction.  The instruction should be given in every case where there is sufficient evidence to take the issue to the jury."

■   The testimony of the defendant Smith, flatly stating that he was in Texas when the crime was committed, was sufficient evidence to take the issue to the jury.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR

ANNE ARUNDEL COUNTY AND REMAND THE CASE TO THAT COURT FOR A NEW TRIAL. COSTS TO BE PAID BY ANNE ARUNDEL COUNTY.