789 A.2d 102

**Damian Ramon GENERAL**

v.

**STATE of Maryland.**

**No. 32 Sept. Term, 2001.**

Court of Appeals of Maryland.

Jan. 14, 2002.

476

478

Claudia A. Cortese, Assistant Public Defender (Stephen E. Harris, Public Defender, on brief) Baltimore, for petitioner.

M. Jennifer Landis, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General of Maryland, on brief) Baltimore, for respondent.

Argued before BELL, C.J., ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL, and BATTAGLIA, JJ.

RAKER, Judge.

Damian Ramon General appeals his convictions for failure to remain at the scene of an accident in violation of Maryland

Code (1957, 1999 Repl.Vol., 2001 Supp.) § 20–102(a) of the Transportation Article,[1] failure to return to the scene of an accident in violation of § 20–102(b), failure to render reasonable assistance in violation of § 20–104(a), and negligent driving in violation of § 21–901.1(b). The single question that he raises is whether the trial court erred in refusing to instruct the jury concerning mistake of fact as a defense. We shall answer that question in the affirmative, reverse the Court of Special Appeals, and remand the case for a new trial.

In the early morning hours of December, 11, 1997, the police recovered the body of Lynn Thompson from the shoulder of southbound I–95, the Capital Beltway, in Prince George's County. Damian Ramon General, petitioner, had been driving the car that struck and killed Ms. Thompson, and he did not stop after he struck her. The next morning, petitioner gave a statement to the police, which the State introduced as evidence in its case-in-chief at trial. He told them the following:

"I was dropping my brother off at the ahm, at a hotel. I was going south, going to my Mother's house.... [S]he lives off St. Barnabas Road. Ahm and it, it will be a bag, something white was in the, in the far right hand lane and it was a three or a sixteen wheeler beside me on my left. Imagine as I got closer to it, I realized it probably was something, something big, so I tried to move over to my right, so when I moved over, I mean my left. I moved over to my left and I thought I had missed it; that's when I heard that it hit the side of the, the light. By it being dark I went off, I got off at St. Barnabas, Marlow Heights exit, I went and stopped at the gas station to look at the car and the yellow blinker light was gone, so then I went on home and told my mother. Told my mother that I wrecked Troy's car, I know he's going to get me for that, and then she told me don't worry about it, we'll see about it in the morning. I got up the next morning and looked at it again,

---

1. Unless otherwise indicated, all statutory references are to Maryland Code (1957, 1999 Repl.Vol., 2001 Supp.), Transportation Article.

I didn't see no, I didn't see nothing else but the light gone, the side fender was bent."

Trooper First Class David Reinholt of the Maryland State Police testified at trial as an expert in the field of accident reconstruction. In his opinion, the impact of petitioner's car striking Ms. Thompson occurred on the right shoulder of the roadway, and petitioner's statement was not consistent with the physical evidence.[2]

 Defense counsel requested the Maryland State Bar Association, Inc., Criminal Pattern Jury Instruction (MPJI–Cr) 5:06, which addresses the mistake of fact defense.[3] The trial court denied the request, stating that such an instruction was not applicable under the factual scenario of the case.[4]

---

**2.** At trial, petitioner called the State Medical Examiner, who testified that, based on the angle of the primary impact to Ms. Thompson's head and the placement of the paint chip in her head, she had to have been extremely low and facing the vehicle when she was struck.

**3.** MPJI–Cr. 5:06 reads:

"You have heard evidence that the defendant's actions were based on mistake of fact. Mistake of fact is a defense and you are required to find the defendant not guilty if all of the following three factors are present:

(1) the defendant actually believed *[alleged mistake];*

(2) the defendant's belief and actions were reasonable under the circumstances; and

(3) the defendant did not intend to commit the crime of *[crime]* and the defendant's conduct would not have amounted to the crime of *[crime]* if the mistaken belief had been correct, meaning that, if the true facts were what the defendant thought them to be, the [defendant's conduct would not have been criminal][defendant would have the defense of *(defense)* ].

In order to convict the defendant, the State must show that the mistake of fact defense does not apply in this case by proving, beyond a reasonable doubt, that at least one of the three factors previously stated was absent."

**4.** Before this Court, neither party argues that the defense of mistake of fact was not generated or that it was not applicable to the case. The certiorari petition assumes that the defense was generated and applicable, and neither party disputes that fact. Nor has any party challenged the propriety of the intent instruction as given in this case. The parties' sole argument is whether a proper and full intent instruction relieves the court of the obligation to instruct on the defense of mistake of fact.

The court did, however, instruct the jury as to the requisite intent and knowledge of the defendant.

The trial court instructed the jury as to proof of intent in accord with MCJI–Cr 3:31. The court told the jury as follows:

"I instruct you that intent is a state of mind and ordinarily cannot be proven directly, because there is no way of looking into another person's mind. Therefore a defendant's intent may be shown by surrounding circumstances. In determining the defendant's intent, you may consider the defendant's acts and statements, as well as the surrounding circumstances. Further, you may but are not required to infer that a person ordinarily intends the natural and probable consequences of his acts."

The trial court instructed the jury as to the requisite knowledge of the defendant as follows:

"Ladies and Gentlemen, the charges of failing to remain at the scene of an accident involving bodily injury or death, failing to return to the scene of an accident involving personal injury or death, and failing to render assistance to a person injured in an accident require the State to prove beyond a reasonable doubt that the defendant had knowledge of both the accident and the underlying injury in order

---

We point out, however, that petitioner was charged, *inter alia,* with violation of Maryland Code (1957, 1999 Repl.Vol., 2001 Supp.) § 20–102 of the Transportation Article (requiring a driver to remain at the scene of an accident resulting in bodily injury or death) and § 20–104 (establishing the duty to give information and render aid). Inasmuch as the defense of mistake of fact goes to the mental state or *mens rea* of the offense charged, we look at the statute to determine the requisite mental elements.

Sections 20–102 and 20–104 require knowledge that the accident resulted in injury or death to a person, or property damage, respectively. *See Comstock v. State,* 82 Md.App. 744, 573 A.2d 117 (1990) (holding that, in order for a driver to be convicted of leaving the scene of a personal injury accident, the conditions must have been such that the driver knew, should have known, or reasonably should have anticipated that the accident and the resulting injury occurred). While the word "accident" is not defined specifically in the statute, when used in these sections, it relates solely to occurrences actually resulting in death, personal injury, or property damage. *See State Farm Mut. Auto. Ins. Co. v. West,* 149 F.Supp. 289 (D.Md.1957).

for the defendant to be found guilty of each of the three charges. . . . Knowledge in the context of this case can be proven in one of two ways. The first way is actual knowledge. In other words did the State produce any evidence that the defendant actually saw or perceived the accident or injury? The second way in which knowledge is proven is by showing that the defendant should have known that an accident occurred or should have anticipated that . . . the accident resulted in an injury to a person. The term should have known is an objective standard and not a subjective one. It means that given all the evidence that you believe you are to determine whether a reasonable person who possessed all of the information at the time of the collision should have known that a collision occurred and should have anticipated that an accident resulted in an injury to a person."

Although the court refused to give the requested mistake of fact instruction, the court granted defense counsel's request to argue mistake of fact in closing argument.

Petitioner was convicted of all charges. He noted a timely appeal to the Court of Special Appeals. In an unreported opinion, that court affirmed the judgments. The court reasoned that "[i]f the jury is adequately instructed as to the intent required for conviction, the mistake of fact instruction is superfluous." The court then determined that the critical inquiry is whether the instructions as given adequately defined the intent necessary to convict petitioner. Following an examination of the intent instruction, the intermediate appellate court concluded:

"The trial court's charge instructed the jury to convict appellant only if it found beyond a reasonable doubt that the defendant *knew or should have known* that an accident occurred. Because the elements of the offense set forth in the trial court's charge forced the jury to consider appellant's alleged mistake of fact before conviction, the omission of a mistake of fact instruction did not cause appellant any actual harm."

The court held that the trial court's instructions "fairly covered" the mistake of fact instruction requested by petitioner, and, thus, no error occurred in the failure to give the instruction requested by petitioner. We granted certiorari to consider the following question:

"Does a jury instruction on the requisite intent necessary to support a conviction on the charged offenses relieve the trial court of the obligation to instruct the jury on a 'mistake of fact' defense generated by the facts, and, specifically, was it error for the trial court in this case to fail to give the jury an instruction on 'mistake of fact' generated in this case?"

Petitioner argues that he acted under a mistake of fact, and, as such, he is not criminally responsible for his act. He argues that he is not guilty of the charges because, at the time that his automobile struck Ms. Thompson, he actually and reasonably believed that he struck a trash bag and not a person. The trial court gave a proof of intent instruction, but refused to give defense counsel's requested instruction on mistake of fact. The State argues that the trial court's instruction on the mental state required for conviction of the offenses charged adequately covered the mistake of fact defense.

As a general rule, mistake of fact is a recognized common law defense to certain crimes.[5] *See, e.g., Outmez-*

---

5. In *Garnett v. State,* 332 Md. 571, 632 A.2d 797 (1993), the Court discussed mistake of fact in the context of statutory rape. Chief Judge Murphy, writing for the Court, addressed the general requirement of the concurrence of *mens rea* and *actus reas* for criminal culpability. The Chief Judge noted:

"At common law, a crime occurred only upon the concurrence of an individual's act and his guilty state of mind. In this regard, it is well understood that generally there are two components of every crime, the *actus reus* or guilty act and the *mens rea* or the guilty mind or mental state accompanying a forbidden act. The requirement that an accused have acted with a culpable mental state is an axiom of criminal jurisprudence. Writing for the United States Supreme Court, Justice Robert Jackson observed:

'The contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion. It is as universal and persistent in mature systems of law as belief in

*guine v. State,* 335 Md. 20, 641 A.2d 870 (1994) (quoting *Garnett v. State,* 332 Md. 571, 632 A.2d 797 (1993)) (Bell, J., dissenting) (stating that, when a defendant generates the issue of mistake of fact, the State must prove beyond a reasonable doubt that the act was committed without any mistake of fact); CLARK & MARSHALL CRIMES, 323 (Marian Barnes ed., 7th ed.1967) (stating that ignorance or nonnegligent mistake of fact as a defense was well settled at common law). Mistake or ignorance of fact exists when the actor does not know what the actual facts are or believes them to be other than as they are. In essence, a mistake of fact is a defense when it negates the existence of the mental state essential to the crime charged. *See* WAYNE R. LaFAVE & AUSTIN W. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW § 5.1 (2d ed.1986).[6]

The issue posed by our grant of certiorari is whether a jury instruction on the requisite intent necessary to support a conviction on the charged offenses relieves the trial court of

---

freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil.
\* \* \* \* \*
'Crime as a compound concept, generally constituted only from a concurrence of an evilmeaning mind with an evildoing hand, was congenial to an intense individualism and took deep and early root in American soil.' *Morissette v. United States,* 342 U.S. 246, 250–252, 72 S.Ct. 240, 243–244, 96 L.Ed. 288 (1952).' "
*Id.* at 577–78, 632 A.2d at 800.

**6.** A mistake of fact has been described not as a true defense, but instead, like alibi, as a means of showing that the prosecution has not proven beyond a reasonable doubt the essential elements of the crime. *See Commonwealth v. Lopez,* 433 Mass. 722, 745 N.E.2d 961 (2001); *State v. Sexton,* 160 N.J. 93, 733 A.2d 1125, 1128 (1999); MODEL PENAL CODE § 2.04 (explanatory note recognizing that mistake of fact is a defense to the extent that it negates the mental culpability of the proscribed offense); WAYNE R. LaFAVE & AUSTIN W. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW, § 5.1 (2d ed.1986) (stating that "[i]nstead of speaking of ignorance or mistake of fact . . . as a defense, it would be just as easy to note simply that the defendant cannot be convicted when it is shown that he does not have the mental state required by law for commission of that particular offense"); *see generally* Dannye Holley, *The Influence of the Model Penal Code's Culpability Provisions on State Legislatures: A Study of Lost Opportunities, Including Abolishing the Mistake of Fact Doctrine,* 27 Sw. U.L.REV. 229, 230 (1997).

the obligation to instruct the jury on a mistake of fact defense generated by the evidence. We answer that question in the negative.

Generally, it is the duty of the trial judge to instruct the jury as to the applicable law of the case. *See* Maryland Rule 4–325; *Roach v. State*, 358 Md. 418, 749 A.2d 787 (2000). Rule 4–325 provides, in pertinent part:

"The court may, and at the request of any party shall, instruct the jury as to the applicable law and the extent to which the instructions are binding. The court may give its instructions orally or, with the consent of the parties, in writing instead of orally. The court need not grant a requested instruction if the matter is fairly covered by instructions actually given."

Maryland Rule 4–325(c). Thus, it is clear that the trial judge is required to give a requested instruction that correctly states the applicable law and that has not been fairly covered in other instructions.

█ We have often said that the main purpose of jury instructions is to aid the jury in clearly understanding the case, to provide guidance for the jury's deliberations, and to help the jury arrive at a correct verdict. *See Chambers v. State*, 337 Md. 44, 650 A.2d 727 (1994). Jury instructions direct the jury's attention to the legal principles that apply to the facts of the case. *See Robertson v. State*, 112 Md.App. 366, 685 A.2d 805 (1996).

█ The defendant is entitled to have the jury instructed on any theory of the defense that is fairly supported by the evidence. *See Sims v. State*, 319 Md. 540, 573 A.2d 1317 (1990); *Goddard v. United States*, 557 A.2d 1315 (D.C.1989); 4 WHARTON'S CRIMINAL PROCEDURE § 538 (Charles E. Torcia ed., 12th ed.1976) (stating that the accused has a right to have the jury instructed on the theory of the defense). Once the defendant properly has generated the defense of mistake of fact, he or she is entitled to have the jury understand that the State must still prove each element of the crime beyond a reasonable doubt and that the burden never shifts to the

defendant. The trial judge must convey to the jury that its "determination that the affirmative defense has not been established is essential to finding that the [State] has met its burden." *Commonwealth v. Cottam*, 420 Pa.Super. 311, 616 A.2d 988, 1000–01 (1992).[7] As in an alibi defense, "such an instruction is necessary due to the danger that the failure to prove the defense will be taken by the jury as a sign of the defendant's guilt." *Commonwealth v. Pounds*, 490 Pa. 621, 633–34, 417 A.2d 597 (1980).

 As Chief Justice Rehnquist stated in *Mathews v. United States*, 485 U.S. 58, 63, 108 S.Ct. 883, 887, 99 L.Ed.2d 54 (1988) (citations omitted): "As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor. A parallel rule has been applied in the context of a lesser included offense instruction...."

The rationale supporting a defendant's right to an alibi instruction is equally applicable to a defendant's right to an instruction on mistake of fact. In *Smith v. State*, 302 Md. 175, 486 A.2d 196 (1985), this Court was confronted with the issue of whether a defendant is entitled to a specific instruction on alibi. We held that the trial court committed reversible error in refusing to instruct the jury on alibi, reasoning that, when the evidence in a criminal case has generated the issue of alibi, and when the defendant has requested an instruction addressed to the matter of alibi, the defendant is entitled to a specific alibi instruction, and the trial court's general instructions concerning the prosecution's burden of proof, etc., are not deemed fairly to cover the matter of alibi. *See id.* at 180, 486 A.2d at 198.

 Whether a particular instruction must be given depends upon whether there is any evidence in the case that

---

7. Even though the Pennsylvania court used the term "affirmative defense," the burden of persuasion remains on the State to prove the offense beyond a reasonable doubt, and that burden does not shift to the defendant.

supports the instruction; if the requested instruction has not been generated by the evidence, the trial court is not required to give it. *See Roach,* 358 Md. at 428–29, 749 A.2d at 792–93; *Hof v. State,* 337 Md. 581, 655 A.2d 370 (1995); *Binnie v. State,* 321 Md. 572, 582, 583 A.2d 1037, 1041 (1991). Whether the evidence is sufficient to generate the requested instruction in the first instance is a question of law for the judge.[8] *See Roach,* 358 Md. at 428, 749 A.2d at 792; *Dykes v. State,* 319 Md. 206, 221, 571 A.2d 1251, 1259 (1990). In evaluating whether competent evidence exists to generate the requested instruction, we view the evidence in the light most favorable to the accused. *See Stagner v. State,* 842 P.2d 520, 522 (Wyo. 1992).

In reviewing the adequacy of jury instructions, we review the instructions as a whole. If the instructions given as a whole adequately cover the theory of the defense, the trial court does not need to give the specific requested instruction. *See Roach,* 358 Md. at 427, 749 A.2d at 792; *Mack v. State,* 300 Md. 583, 592, 479 A.2d 1344, 1348 (1984). We emphasize, however, that, although we hold that a defendant is entitled to a theory of the defense instruction, a defendant is not entitled to a mirror-image instruction in other settings. A skilled advocate could take nearly any of the instructions typically given by a court and, with some imagination, create a

---

**8.** In *Dykes v. State,* 319 Md. 206, 571 A.2d 1251 (1990), we discussed the level of evidence necessary to generate an instruction. We did so in the context of the trial court's refusal to give an instruction on imperfect self-defense. We noted:

"*Some evidence* is not strictured by the test of a specific standard. It calls for no more than what it says—'some,' as that word is understood in common, everyday usage. It need not rise to the level of 'beyond reasonable doubt' or 'clear and convincing' or 'preponderance.' The source of the evidence is immaterial; it may emanate solely from the defendant. It is of no matter that the self-defense claim is overwhelmed by evidence to the contrary. If there is any evidence relied on by the defendant which, if believed, would support his claim that he acted in self-defense, the defendant has met his burden. Then the baton is passed to the State. It must shoulder the burden of proving beyond a reasonable doubt to the satisfaction of the jury that the defendant did not kill in self-defense."

*Id.* at 216–17, 571 A.2d at 1257.

negative mirror image of it. The principle articulated in Maryland Rule 4–325(c) still governs: "[t]he court need not grant a requested instruction if the matter is fairly covered by instructions actually given."

In the instant case, petitioner's primary defense at trial was that he did not know that his vehicle had hit a person. The evidence before the jury was that, at night, petitioner, traveling in the far right travel lane, struck an object lying on the roadway in the right portion of his lane of travel. The object appeared to him to be "a bag, something white." The morning after the incident, petitioner went to the police station and gave a statement to the police, offering his version of the event and admitting that he was driving the vehicle that apparently struck and killed Ms. Thompson. Petitioner did not testify at trial, but the State offered his pretrial statement into evidence.

■■ As we have noted, knowledge that the defendant struck a person is an element of the charged offenses of §§ 20–102(a) and (b) and 20–104(a). If petitioner did not know that he struck a person and reasonably believed that he merely struck a white bag, then his mistake of fact was a defense to those crimes.[9]

---

9. Some courts have held that mistake of fact is not a defense if the defendant's erroneous belief was due to his or her own negligence or willful blindness. *See* MODEL PENAL CODE § 2.04. The question of *when* ignorance or mistake of fact will afford a defense to a criminal charge has not been briefed or argued in this case. Neither has the State argued that mistake of fact is not a defense to the negligent driving charge. Consequently, we shall not address it.

We note, however, that, in this case, the State has not argued that petitioner was negligent in not knowing that he struck a person or in not stopping and satisfying the requirements of Maryland Code (1957, 1999 Repl.Vol., 2001 Supp.) § 20–105 of the Transportation Article (creating three separate duties for motorists who damage unattended property: (1) the duty to stop at the scene; (2) the duty to attempt to locate the owner of the unattended property; and (3) if unable to do so, the duty to leave a written notice on the property for the owner). In closing, the State argued that "[a]s for the negligent driving, he was driving on the shoulder. We all know it. He was driving on the shoulder in a way that would have or could jeopardize someone's life."

Most other jurisdictions require a mistake of fact instruction even when the trial court instructs the jury as to the required mental element of the charged offense. For example, in *People v. Crane,* 145 Ill.2d 520, 165 Ill.Dec. 703, 585 N.E.2d 99 (1991), the trial court instructed the jury on self-defense, but refused to instruct the jury on mistake of fact. The Illinois Supreme Court reversed, stating as follows:

> "The instruction, while significantly informing the jury of the mental state requirement, does not expressly draw to the jury's attention the concept of mistake of fact. Since Illinois recognizes the defense of mistake of fact, when this defense is supported by the evidence it is not sufficient to merely inform the jury of the mental state requirements, but it must also be informed of the validity of the mistake of fact defense."

*Id.* at 102.

Similarly, the Iowa Supreme Court rejected the State's argument that an intent instruction adequately covered a properly generated mistake of fact defense. In Iowa, mistake or ignorance of fact is a defense to a crime requiring intent if it was reasonable and not due to carelessness or negligence. *See State v. Freeman,* 267 N.W.2d 69, 70 (Iowa 1978). In the context of a theft case, the court said:

> "We cannot agree the theory of mistake of fact was adequately explained to the jury by the uniform instruction on intent. It is true a mistake of fact would, under its definition, make it impossible for defendant to form a criminal intent.
>
> Mistake of fact nevertheless remains a separate and distinct issue notwithstanding its relation to the State's duty to prove a criminal intent. Mistake of fact was defendant's sole and only theory of defense. It did not vanish merely because it can be stated the mistake could not coexist with a criminal intent. We have said: 'Courts have the duty to

---

Defense counsel argued that "[h]e was not negligent. He did not run from the scene."

instruct juries "... on the law applicable to the facts as disclosed by the evidence, and must so instruct if there is evidence admitted which supports some involved issue." ' "

*Id.* at 71. *See Adcock v. State,* 260 Ga. 302, 392 S.E.2d 886 (1990) (holding that reversible error can occur from failure to give a mistake of fact instruction even if it is not the defendant's sole defense); *Crane,* 165 Ill.Dec. 703, 585 N.E.2d at 102 (holding that "a defendant is entitled to instruction on his theory of the case if there is some foundation for the instruction in the evidence"); *Jewell v. Commonwealth,* 549 S.W.2d 807, 812 (Ky.1977) (noting that the defense of mistake of fact, when raised, requires an instruction calling it to the jury's attention); *State v. Collin,* 741 A.2d 1074 (Me.1999) (holding that, when a defendant raises an affirmative defense supported by competent evidence, the trial court must instruct the jury that the State needs to disprove the affirmative defense in order to convict); *Bang v. State,* 815 S.W.2d 838, 842 (Tex.App.1991) (holding that "[w]hen an accused creates an issue of mistaken belief as to the culpable mental element of the offense, he is entitled to a defensive instruction on 'mistake of fact' "); *Stagner,* 842 P.2d at 522 (holding that the theory of the case instruction, where appropriate evidence exists, is a basic tenant of criminal law and a procedural concomitant of due process).

■■■■■ The knowledge and intent instructions, while sufficiently informing the jury of the required mental element, did not expressly direct the jury's attention to the defense of mistake of fact. Were we to accept the State's argument that the instruction on intent and knowledge fairly covered the mistake of fact defense, there would never be an occasion to give the instruction. Petitioner was entitled to an instruction on the theory of his defense, as he requested. The trial court abused its discretion in declining to give the requested instruction, and a new trial is in order.[10]

---

10. If the defendant's conviction rests upon a charge for which mistake of fact was a defense, and the defense was properly generated, failure to

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REVERSE THE JUDGMENTS OF CONVICTION IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AND TO REMAND THIS CASE TO THE CIRCUIT COURT FOR A NEW TRIAL. COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY PRINCE GEORGE'S COUNTY.*

BATTAGLIA, Judge, dissenting.

Because I believe that the instructions given by the trial court in this case fairly cover the law relating to the requested mistake of fact instruction, I respectfully dissent.

The trial court's authority with respect to jury instructions is governed by Maryland Rule 4–325, which provides:

The court may, and at the request of any party shall, instruct the jury as to the applicable law and the extent to which the instructions are binding. The court may give its instructions orally or, with the consent of the parties, in writing instead of orally. *The court need not grant a requested instruction if the matter is fairly covered by instructions actually given.*

Rule 4–325(c)(emphasis added). Thus, the mandatory language of the first portion, *see Henry v. State,* 324 Md. 204, 237, 596 A.2d 1024, 1040–41 (1991) *cert. denied,* 503 U.S. 972, 112 S.Ct. 1590, 118 L.Ed.2d 307 (1992); *Mack v. State,* 300 Md. 583, 592, 479 A.2d 1344, 1348 (1984), is limited by the discretionary language of the second portion. *See Gunning v. State,* 347 Md. 332, 347–48, 701 A.2d 374, 381–82 (1997)(stating that "Md. Rule 4–325(c) is not absolute" and that "a requested instruction need not be given where other instructions 'fairly cover' the subject matter of the requested instruction"). When reviewing the propriety of the trial court's refusal to

---

instruct the jury on the defense is not harmless error. *See People v. Crane,* 145 Ill.2d 520, 165 Ill.Dec. 703, 585 N.E.2d 99 (1991); *State v. Freeman,* 267 N.W.2d 69 (Iowa 1978); *Cheser v. State.,* 904 S.W.2d 239 (Ky.Ct.App.1994).

give a requested jury instruction, our Court must examine whether the requested instruction was a correct statement of the law, whether that law was applicable in light of the facts of the case and the evidence before the jury, and finally, and most pertinent to the issue before us, whether the instruction actually given fairly covered the substance of the requested instruction. *See Patterson v. State,* 356 Md. 677, 683–84, 741 A.2d 1119, 1122 (1999); *Ware v. State,* 348 Md. 19, 58, 702 A.2d 699, 718 (1997); *Bruce v. State,* 328 Md. 594, 612, 616 A.2d 392, 401 (1992), *cert. denied,* 508 U.S. 963, 113 S.Ct. 2936, 124 L.Ed.2d 686 (1993)(quoting *Mack,* 300 Md. at 592, 479 A.2d at 1348). As the trial court is only required to give a requested instruction if the instruction satisfies each of these conditions, appellate review is also so limited: "[s]o long as the law is fairly covered by the jury instructions, reviewing courts should not disturb them." *See Tharp v. State,* 129 Md.App. 319, 329, 742 A.2d 6, 11 (1999), *aff'd,* 362 Md. 77, 763 A.2d 151 (2000)(quoting *Farley v. Allstate Ins. Co.,* 355 Md. 34, 46, 733 A.2d 1014, 1020 (1999)); *see also Dean v. State,* 325 Md. 230, 239, 600 A.2d 409, 413 (1992)(stating that courts "are not required to give requested instructions if the matter is fairly covered by the instructions actually given").

A defendant is entitled to an instruction on the law—and a court errs by failing to issue a requested instruction—when generated by the evidence and *not covered by the instructions actually given. See Roach v. State,* 358 Md. 418, 427, 749 A.2d 787, 792 (2000)(stating that a trial judge is required to "give a requested instruction which correctly states the applicable law and which has not been fairly covered in instructions")(quoting *Lansdowne v. State,* 287 Md. 232, 239, 412 A.2d 88, 91 (1980)); *Patterson,* 356 Md. at 683–84, 741 A.2d at 1122 (quoting *Ware,* 348 Md. at 58, 702 A.2d at 718). No error is committed, however, when the trial court refuses to grant a requested instruction, the substance of which is embodied in those instructions actually administered by the court. *See Gunning v. State,* 347 Md. at 348, 701 A.2d at 382; *Evans v. State,* 304 Md. 487, 535, 499 A.2d 1261, 1286 (1985), *cert. denied,* 478 U.S. 1010, 106 S.Ct. 3310, 92 L.Ed.2d 722 (1986); *England v. State,*

274 Md. 264, 276, 334 A.2d 98, 105 (1975). This, I believe, is precisely the situation before us today: the substance of the requested jury instruction on the mistake of fact defense was embodied by the instructions pertaining to the knowledge and intent requirements for the crimes for which the defendant was on trial.

With respect to the intent requirement, and in accordance with Maryland Criminal Pattern Jury Instruction 3:31, the trial court stated:

With regard to intent, you are instructed intent is a state of mind and ordinarily cannot be proved directly, because there is no way of looking into another person's mind. Therefore a defendant's intent may be shown by surrounding circumstances. In determining the defendant's intent, you may consider the defendant's acts and statements, as well as the surrounding circumstances. Further, you may but you are not required to infer that a person ordinarily inten[d]s the natural and probable consequences of his acts.

When instructing the jury as to the requisite knowledge of the defendant, the trial court stated:

With regard to knowledge, and knowledge is required in the second [failure to remain at the scene of an accident involving bodily injury or death], third [failing to return to the scene of an accident involving personal injury or death], and fourth [failing to render assistance to a person injured in an accident], of the charged offenses, and I instruct you as follows. Knowledge, in the context of this case, can be proven in one of two ways.

The first way is actual knowledge. In other words, did the State produce any evidence that the defendant actually saw or perceived the accident or injury?

The second way in which knowledge is proven is by showing that the defendant should have known that an accident occurred or should have anticipated that ... the accident resulted in an injury to a person.

The term 'should have known' is an objective standard and not a subjective one. It means that given all of the

evidence that you believe, you are to determine whether a reasonable person who possessed all of the information at the time of the collision, should have known that a collision occurred and should have anticipated that [the] accident resulted in an injury to a person.

The petitioner requested that the trial court provide the following instruction regarding the mistake of fact defense based on Maryland Pattern Jury Instruction 5:06:

You have heard evidence that the defendant's actions were based on a mistake of fact. Mistake of fact is a defense and you are required to find the defendant not guilty if all of the following three factors are present:

(1) the defendant actually believed *(alleged mistake)*;

(2) the defendant's belief and actions were reasonable under the circumstances; and

(3) the defendant did not intend to commit the crime of *(crime)* and the defendant's conduct would not have amounted to the crime of *(crime)* if the mistaken belief had been correct, meaning that, if the true facts were what the defendant thought them to be, the [defendant's conduct would not have been criminal][defendant would have the defense of *(defense)* ].

In order to convict the defendant, the State must show that the mistake of fact defense does not apply in this case by proving, beyond a reasonable belief, that at least one of the three factors previously stated was absent.

While I believe that even a cursory comparison of the requested mistake of fact instruction and the issued intent and knowledge instructions reveals the substantive similarities, I will proceed with the following factor-by-factor analysis.

First, pursuant to the requested mistake of fact instruction, the jury would have been instructed that it must find that the petitioner *actually believed* he hit a trash bag (the mistaken fact) and not the victim, Lynn Thompson (the accident which caused the injury/death). Under the issued instructions, the jury was instructed that it must find that the petitioner had *actual knowledge* that the accident or injury occurred, and that the State produced evidence demonstrating that the

petitioner perceived the accident or injury. No consequential distinction between these instructions exists. A finding that the petitioner had actual knowledge of the accident or injury implicitly requires a finding of the absence of mistake; one who actually believes he hit a trash bag cannot have actual knowledge that the accident or death occurred, and vice versa.

In addition to requiring the jury to find that the petitioner actually believed he hit a trash bag, the requested instruction would have required the jury to find that this belief was *reasonable under the circumstances*. Similarly, the issued instructions required the jury to "determine whether a reasonable person who possessed all of the information at the time of the collision, should have known that a collision occurred and should have anticipated that the accident resulted in an injury to a person." To achieve such a finding and attain a conviction, the State was required to demonstrate that the petitioner's beliefs (i.e. that he hit a trash bag when, in fact, he actually hit and killed a woman) and actions (i.e. subsequently leaving the scene of an accident) were objectively unreasonable. Again, no consequential distinction between these instructions exists. If, pursuant to the requested instruction, the jury had found that the petitioner's belief—i.e. hitting a trash bag instead of a human being—was reasonable, then clearly the State would not have met its burden to demonstrate that the petitioner "should have known" that the accident and injury occurred, pursuant to the issued instruction. These instructions are mirror-images; a finding of one outcome necessarily requires the absence of the other.

Finally, the third factor of the requested mistake of fact instruction would have required the jury to find that the petitioner did not intend to commit the crimes for which he was charged. That the trial judge in this case independently instructed the jury on the intent requirements for the crimes charged is indisputable, as is, I believe, the conclusion that this portion of the requested instruction and the issued instruction on intent are comparable.

As discussed, *supra*, this Court may disturb a trial judge's instructions only when errors of law occur. When the judge's

instructions fairly cover the substance of the requested instruction, the trial court, in denying the requested instruction, cannot be said to have committed an error warranting reversal. A purely commonsensical application of the "fairly cover" standard, as outlined by Rule 4-325(c), prescribes the conclusion that the requested instruction is fairly covered by the issued instructions in this case, and that no error of law occurred.[1] That notwithstanding, I will delve briefly into the case law on which the majority relies, as I believe it is distinguishable from, and inapplicable to, the case at hand.

---

1. That intent and knowledge instructions fairly covered a requested mistake of fact instruction is also evidenced by LaFave and Scott's *Substantive Criminal Law,* quoted in part by the Court of Special Appeals in its unreported affirmance of the trial court's judgment, which provides:

 [i]n actuality, the basic rule is extremely simple: ignorance or mistake of fact . . . is a defense when it negatives the existence of a mental state essential to the crime charged. Indeed it is so simple because, unlike the other defenses discussed in this chapter, it is merely a restatement in somewhat different form of one of the basic premises of the criminal law. Instead of speaking of ignorance or mistake of fact or law as a defense, it would be just as easy to note simply that the defendant cannot be convicted when it is shown that he does not have the mental state required by law for commission of that particular offense.

 1 Wayne R. LaFave & Austin W. Scott, Jr., Substantive Criminal Law, § 5.1, at 575–76 (1986). *See Iowa v. Freeman,* 267 N.W.2d 69, 70 (Iowa 1978). Several jurisdictions have held in accordance with this principle and do not require a trial court to specifically give a mistake of fact instruction so long as the court instructed the jury adequately on intent and knowledge. *See State v. Charles,* 628 N.W.2d 734, 738 (S.D.2001)(stating that "whenever an intent instruction involving the defendant's mental state is given, the mistake of fact concept is automatically included and does not merit a separate instruction")(quoting *State v. Johnston,* 478 N.W.2d 281, 283 (S.D.1991)); *State v. Dellatore,* 761 A.2d 226, 231–32 (R.I.2000)(holding that instructions regarding the requisite intent of the defendant precluded the necessity for a mistake of fact instruction); *State v. Molin,* 288 N.W.2d 232, 234 (Minn.1979) (holding that "so long as the court instructed the jury adequately on intent," a mistake of fact instruction was not required); *State v. Nieto,* 129 N.M. 688, 12 P.3d 442, 447 (2000)(stating that "the trial court need not give a mistake of fact instruction 'where the intent element of the crime is adequately defined by the other instructions given by the trial court' ")(quoting *State v. Bunce,* 116 N.M. 284, 861 P.2d 965, 968 (1993)).

The majority emphasizes the principle that whether a particular instruction must be given depends upon whether there is any evidence in the case that supports the instruction. *See* maj. op. at 487 (citing *Roach,* 358 Md. at 428–29, 749 A.2d at 792–93; *Hof v. State,* 337 Md. 581, 655 A.2d 370 (1995); *Binnie v. State,* 321 Md. 572, 582, 583 A.2d 1037, 1041 (1991)). While correctly restating the law, the sufficiency of the evidence generated by the petitioner regarding a mistake of fact is not in dispute. Unfortunately, the decisional issue before this Court—whether the requested instruction was fairly covered by the issued instructions—becomes muddled with the majority's discussion of sufficiency of evidence rather than retaining its separate and independent structure and analysis. I agree that a particular instruction only may be given upon the presentation of some evidence that supports the requested instruction. *See Dykes v. State,* 319 Md. 206, 216–17, 571 A.2d 1251, 1256–57 (1990). That an instruction is supported by the evidence, however, does not necessarily mean that the failure to give the requested instruction renders the instructions actually given inadequate; nor does it mean that the defendant is entitled automatically to the very instruction he requests. To the contrary, a defendant is entitled to the instruction so long as it is generated by the evidence *AND* is not fairly covered by the instructions given. These are two separate inquiries; the petitioner may have satisfied the first, but he failed to satisfy the second condition.

The majority states that "[o]nce the defendant properly has generated the defense of mistake of fact, he or she is entitled to have the jury understand that the State must still prove each element of the crime beyond a reasonable doubt and that the burden never shifts to the defendant." *See* maj. op. at 485–86. While this, too, is a legally sound assertion, the majority fails to explain how this principle was thwarted by the trial court's failure to give a mistake of fact instruction. The court's instructions neither allude to a shift in the burden of proof nor do they fail to assist the jury in understanding that the State is required to establish each element of the crime beyond a reasonable doubt. It is altogether unclear

how the majority's assertion—that a jury must understand that the State must prove each element beyond a reasonable doubt—is better promoted by the conclusion it demands, i.e. requiring the trial court to issue a mistake of fact instruction. Furthermore, as will be discussed in greater detail *infra,* the authority for establishing such a requirement is seemingly lacking: The mistake of fact defense remains a common law defense in this State; accordingly, the authority to demand a mistake of fact instruction cannot be based on any explicit legislative recognition of the specific theory of defense. Furthermore, Rule 4–325(c) only mandates that the issued jury instructions fairly cover the requested instruction; I firmly believe the issued instructions in this case met the requirements of Rule 4–325(c).

The majority relies on the case of *Smith v. State,* 302 Md. 175, 486 A.2d 196 (1985), to advance its contention that a defendant has a *right* to an instruction on mistake of fact. Such reliance is misplaced, and the legal principles for which the *Smith* case stands, inappropriately applied. The issue before our Court in *Smith* was whether the evidence generated by the defense, i.e. his alibi, was sufficient to require the trial court to issue the requested instruction on the alibi issue, *see id.* at 179, 486 A.2d at 197; the issue was not whether the issued jury instructions fairly covered the requested (alibi) instruction. That we supported a defendant's right to an alibi instruction *because we held the evidence to be sufficient to warrant the instruction, see id.* at 183, 486 A.2d at 200, does not mean that we should, today, grant a defendant an automatic right to a mistake of fact instruction upon generating sufficient evidence, particularly when the substance of the requested instruction has been fairly covered by the issued instructions concerning knowledge and intent in this case. Furthermore, that we mentioned that "the defendant is entitled to a specific alibi instruction, and ... the trial court's general instructions concerning the prosecution's burden of proof, etc., are not deemed 'fairly to cover' the matter of alibi," has little persuasive value to the issue in the case *sub judice. Id.* at 180, 486 A.2d at 198 (citing *Pulley v. State,* 38 Md.App. 682, 688–91, 382 A.2d 621, 624–26 (1978)). Unlike an alibi

instruction and a "court's general instructions concerning the prosecution's burden of proof, etc.," the mistake of fact instruction and the intent and knowledge instructions are mirror images, easily meeting the standard established by Rule 4–325(c) because the intent and knowledge instructions "fairly cover" the requested mistake of fact instruction.

The cases to which the majority cites from other jurisdictions are also distinguishable. In *Iowa v. Freeman*, 267 N.W.2d at 70, the Supreme Court of Iowa did indeed consider a similar issue, i.e. whether the concept of mistake of fact was adequately covered in the trial court's intent instruction. There exists one important factual distinction, however, which makes the application of the Iowa decision inappropriate: contrary to the trial court's instructions in the case *sub judice*, the lower court in Iowa *did not provide the jury a knowledge instruction*, rather, the court only provided an instruction on intent.[2] The Supreme Court of Iowa was required to consider the necessity of a mistake of fact instruction in terms of the issued intent instruction. *Id.* As I indicated *supra*, the intent instruction only "fairly covers" prong three of the standard mistake of fact instruction. Without a knowledge instruction, two critical elements of the mistake of fact defense—the *actual belief* by the defendant and the *reasonableness* of that belief—would not have been "fairly covered."

I cannot predict whether the Iowa Court would have decided differently had a knowledge instruction been issued along with the intent instruction. I can state confidently, however,

---

**2.** The trial court's intent instruction in *Freeman* was very similar to the intent instruction issued by the trial court in the present case:

Where intent is an essential element of any of the offenses charged, it must be proved beyond a reasonable doubt. The intent with which an act is done is a purpose or mental condition seldom capable of proof by positive or direct evidence. Such intent, if any, may be arrived at by such just and reasonable inferences and deductions from the facts and circumstances proved by the evidence as the guarded judgment of a candid and cautious person would ordinarily draw therefrom. The law warrants an inference that when a person intentionally commits an act, he intends the natural results or consequences to follow which ordinarily do follow such acts.

267 N.W.2d at 70.

that had the trial court in this case neglected to adequately instruct the jury on the knowledge requirements for the crimes for which the defendant was charged, I would not be dissenting today. Knowledge and intent are similar concepts, but not synonymous. Knowledge is an "understanding of a fact or circumstance," *see* BLACK'S LAW DICTIONARY 876 (7th Ed.1999), and intent is "the mental resolution or determination to do" an act.[3] *See* BLACK'S LAW DICTIONARY 813 (7th Ed.1999). A mistake of fact defense requires *both* an absence of knowledge about the facts or circumstances and an absence of intent to commit the criminal act. Therefore, the Iowa Court's analysis—based only on a review of an intent instruction—is immaterial to the issue presently before us.

The majority also relies on the analysis of the Illinois Supreme Court in *People v. Crane*, 145 Ill.2d 520, 165 Ill.Dec. 703, 585 N.E.2d 99 (1991), cert. denied, 504 U.S. 924, 112 S.Ct. 1977, 118 L.Ed.2d 576 (1992), which considered whether the defendant was denied a fair trial when the trial court refused to instruct on mistake of fact defense. Again, the issue appears facially similar to the one presently before us, but two important distinctions exist. First, contrary to Maryland Rule

---

3. The commentary to the definition of "knowledge" in BLACK'S LAW DICTIONARY 876 (7th Ed.1999) states:

It is necessary ... to distinguish between producing a result intentionally and producing it knowingly. Intention and knowledge commonly go together, for he who intends a result usually knows that it will follow, and he who knows the consequences of his act usually intends them. But there may be intention without knowledge, the consequence being desired but not foreknown as certain or even probable. Conversely, there may be knowledge without intention, the consequence being foreknown as the inevitable concomitant of that which is desired, but being itself an object of repugnance rather than desire, and therefore not intended.

*Id.* (quoting John Salmond, *Jurisprudence* 380–81 (Glanville L. Williams ed., 10th ed.1947)(internal quotations omitted)). The commentary continues:

[B]ecause there are several areas of the criminal law in which there may be good reason for distinguishing between one's objectives and [one's] knowledge, the modern approach is to define separately the mental states of knowledge and intent. . . .

*Id.* (quoting WAYNE R. LaFAVE & AUSTIN W. SCOTT, JR., CRIMINAL LAW 218 (2d ed.1986)).

4–325(c), the comparable Illinois Rule,[4] has largely been interpreted by its Supreme Court as a compulsory rule, i.e. "[a] defendant is *entitled* to an instruction on his theory of the case if there is some foundation for the instruction in the evidence." *See id.* at 102 (citing *People v. Unger* 66 Ill.2d 333, 5 Ill.Dec. 848, 362 N.E.2d 319, 321 (1977))(emphasis added). A trial court's consideration on the necessity of a jury instruction in Illinois is solely dependent upon the sufficiency of the evidence, while trial courts in Maryland have the additional consideration of whether the issued instructions have fairly covered the substance of the requested instruction.[5] *See* Rule 4–325(c).

---

**4.** Jury instructions in criminal cases in Illinois courts are governed by Rule 451, which provides, in relevant part:

(a) *Use of IPI–Criminal Instructions; Requirements of Other Instructions.* Whenever Illinois Pattern Instructions in Criminal Cases (IPI Criminal) contains an instruction applicable in a criminal case, giving due consideration to the facts and the governing law, and the court determines that the jury should be instructed on the subject, the IPI Criminal instruction shall be used, unless the court determines that it does not accurately state the law. Whenever IPI Criminal does not contain an instruction on a subject on which the court determines that the jury should be instructed, the instruction given on that subject should be simple, brief, impartial, and free from argument.
(b) *Court's Instructions.* At any time before or during the trial, the court may direct counsel to prepare designated instructions. Counsel shall comply with the direction and copies of instructions so prepared shall be marked "Court's Instructions." Counsel may object at the conference on instructions to any instruction prepared at the court's direction, regardless of who prepared it, and the court shall rule on these objections as well as objections to other instructions. The grounds of the objections shall be particularly specified.
(c) *Section 2–1107 of the Code of Civil Procedure to Govern.* Except as otherwise provided in these rules, instructions in criminal cases shall be tendered, settled, and given in accordance with section 2–1107 of the Code of Civil Procedure, but substantial defects are not waived by failure to make timely objections thereto if the interests of justice require. The court shall instruct the jury after the arguments are completed, or, in its discretion, at the close of all the evidence. Ill. S.Ct. Rule 451 (2001). Section 2–1107 of the Illinois Code of Civil Procedure discusses the procedural aspects of requesting and issuing jury instructions. *See* 735 Ill Comp Stat. Ann. 5/2–1107 (West 1992).

**5.** The Illinois Supreme Court has used a "totality of the circumstances" test to determine whether a defendant received a fair trial, including

The second distinction between Illinois and Maryland law, which makes the application of the *Crane* analysis improper, is that while a mistake of fact is a common law defense in Maryland, *see Wynn v. State*, 351 Md. 307, 330–31, 718 A.2d 588, 599–600 (1998); *Outmezguine v. State*, 335 Md. 20, 47–48, 641 A.2d 870, 883–84 (1994), the Legislature explicitly provides for a mistake of fact defense in Illinois. *See* § 720 ILL. COMP. STAT. ANN. 5/4–8 (West 1993). In fact, nearly every jurisdiction to which the majority cites, *see* maj. op. at pg. 490, statutorily recognizes a mistake of fact defense. *See e.g.* GA.CODE. ANN. § 16–3–5 (1999); § 720 ILL. COMP. STAT. ANN. 5/4–8 (West 1993); KY.REV.STAT. ANN. § 501.070 (Michie 1999); ME.REV.STAT. ANN. tit. 17–A § 36 (West 1983); TEX. PENAL CODE ANN. § 8.02 (West 1994).

This Court has never stated that a defendant is only entitled to a theory of defense instruction when the defense is recognized by the Legislature; nor do I propose the adoption of such a principle today. I do believe, however, that when the Legislature explicitly recognizes a theory of defense, an instruction regarding that defense is independently compulsory. Our Court affirmed this principle in *Sibert v. State*, 301 Md. 141, 482 A.2d 483, (1984), holding that "when the legislature explicitly enumerated four defenses to the crime of theft, it intended a defendant to be entitled to a jury instruction on any defense generated by the evidence." *Id.* at 154, 482 A.2d at 490; *accord Binnie v. State*, 321 Md. at 582–83, 583 A.2d at

---

circumstances where a defendant claimed that he was denied a fair trial because his counsel was ineffective for failing to request an instruction and failing to object to those issued. *See People v. Casillas,* 195 Ill.2d 461, 255 Ill.Dec. 382, 749 N.E.2d 864, 874 (2000)reh'g denied. Using the totality of the circumstances test, the Illinois Court found that all jurors were thoroughly instructed on the burden of proof and presumption of innocence, and thus, the court's failure to use the specific language of Illinois Pattern Criminal Instructions was harmless beyond a reasonable doubt and his right to a fair trial was not impeded. *Id.* at 877. While the Illinois courts may consider the adequacy of the issued jury instructions under a totality of the circumstances analysis at the appellate level, Maryland Rule 4–325(c) is still singular in that it specifically instructs *trial courts* that they "need not grant a requested instruction if the matter is fairly covered by instructions actually given." Rule 4–325(c).

1042.[6] Where the Legislature does not provide a statutory theory of defense and one exists only on the basis of judicial creation, this Court should measure the necessity of a requested jury instruction under the only guidance and authority remaining, the guidance provided to all courts for jury instruction matters: Maryland Rule 4–325(c). Thus, this Court must consider whether the issued jury instructions "fairly cover" the requested instruction; if so, no error occurred.

Because I believe that the knowledge and intent instructions issued by the trial court in this case fairly cover the requested mistake of fact instruction, I would find no error of law. Accordingly, I respectfully dissent.

---

**6.** I recognize that an alibi defense in *Smith* was not statutorily prescribed. The factual circumstances in *Smith*, however, would likely lead to the conclusion (as is so stated in dicta by the *Smith* Court, *see Smith*, 302 Md. at 180, 486 A.2d at 198) that the alibi defense was not adequately covered by the other general instructions provided by the trial court. Therefore, an alibi instruction would have been required upon proper application of Rule 4–325(c).